**John T. DUNLOP, Secretary of Labor, United States Department of Labor,**

v.

**CROWN CORK & SEAL COMPANY, INC.**

Civ. No. T–75–1101.

United States District Court, D. Maryland.

Jan. 14, 1976.

William J. Kilberg, Sol. of Labor, Marshall H. Harris, Regional Sol., and Kenneth L. Stein, Deputy Regional Sol., U. S. Dept. of Labor, Philadelphia, Pa., and Jervis S. Finney, U. S. Atty., and Joseph M. Fairbanks, Asst. U. S. Atty., Baltimore, Md., for plaintiff.

George D. Solter, Richard J. Magid, and Whiteford, Taylor, Preston, Trimble & Johnston, Baltimore, Md., for defendant.

THOMSEN, Senior District Judge.

This civil action has been brought by the Secretary of Labor (the Secretary [1]) against defendant to enjoin alleged violations of § 4 of the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 623, and of § 15 of the Fair Labor Standards Act of 1938 (FLSA), as amended, 29 U.S.C. § 215. Jurisdiction is claimed under § 7(b) of ADEA, 29 U.S.C. § 626(b) and § 17 of FLSA, 29 U.S.C. § 217. The Secretary seeks an injunction against violations of § 4 of ADEA and § 15 of FLSA, and other and further relief, including an order requiring defendant to rehire any individual for the employment from which he or she has been discharged or discriminated against, and monetary benefits which may be found to be due them or any of them.

Defendant has moved to dismiss the complaint because it fails to allege compliance with § 14 of ADEA, 29 U.S.C. § 633, which provides:

"(a) Nothing in this chapter shall affect the jurisdiction of any agency of any State performing like functions with regard to discriminatory employment practices on account of age except that upon commencement of action under this chapter such action shall supersede any State action.

"(b) In the case of an alleged unlawful practice occurring in a State which has a law prohibiting discrimination in employment because of age and establishing or authorizing a State authority to

---

1. The term "Secretary" will be used herein to include the Regional Solicitor of the Department of Labor, acting on behalf of the Secretary.

grant or seek relief from such discriminatory practice, no suit may be brought under section 626 of this title before the expiration of sixty days after proceedings have been commenced under the State law, unless such proceedings have been earlier terminated: *Provided,* That such sixty-day period shall be extended to one hundred and twenty days during the first year after the effective date of such State law. If any requirement for the commencement of such proceedings is imposed by a State authority other than a requirement of the filing of a written and signed statement of the facts, upon which the proceeding is based, the proceeding shall be deemed to have been commenced for the purposes of this subsection at the time such statement is sent by registered mail to the appropriate State authority."

Maryland has adopted a law prohibiting discrimination in employment because of age, and creating a Human Relations Commission (Md. HRC). Anno. Code of Md., 1975 Cum.Supp., Art. 49B, especially § 19(a)(1). However, opposing defendant's motion, the Secretary contends:

(A) That § 14 of ADEA, 29 U.S.C. § 633, quoted above, does not apply to actions brought by the Secretary, but only to actions brought by aggrieved persons.

(B) That the enforcement provisions of Art. 49B of the Maryland Code, particularly § 12(a) and (b) thereof, do not contemplate that complaints by the Secretary will be filed with the State agency; that those provisions deal with complaints by persons claiming to be aggrieved by an alleged discrimination or by Md. HRC itself, after a preliminary investigation.

(C) That if Art. 49B, § 12, should be held to apply to complaints by the Secretary, he adequately complied therewith by a letter dated October 1, 1974 (more than ten months before this suit was filed), addressed to Md. HRC, which: advised Md. HRC that the Secretary was contemplating possible legal action against the defendant herein for alleged violation of ADEA; quoted § 14 of ADEA, 29 U.S.C. § 633(a) and (b), set out above; and stated:

"Although the Secretary of Labor does not acknowledge that notification to a State is a prerequisite for the institution of Federal action against the employer pursuant to the terms of the Act, we should like to take this opportunity to advise you that if our conciliation efforts in this matter fail to bring about an amicable resolution of this case, we intend to commence action in the Federal District Court in Baltimore after the expiration of the sixty-day period as set forth in Section 14(b) above.

"We would appreciate being advised whether you intend to institute any administrative, court, or conciliatory action against the above named employer in regard to the laws of the State of Maryland.

"If you are of the opinion that the matter does not warrant your action, we would appreciate a letter from you wherein you waive the time limitation set forth in section 14(b) of the Act or a waiver of intent to proceed in this matter."

Md. HRC did not reply to the Secretary's letter of October 1, and on December 13 the Secretary requested a "written response at your earliest convenience". On January 22, 1975, Md. HRC replied, stating merely that at that time it had no complaints alleging age discrimination pending against defendant.

The correspondence between the Secretary and Md. HRC did not appear in the complaint, but was submitted with an affidavit in support of the Secretary's memorandum of law opposing defendant's motion to dismiss. At the argument on the motion to dismiss, both sides treated the correspondence as part of the record on the motion, and no purpose would be served by requiring the Secretary to file an amended complaint embodying them. See Rule 1, F.R.Civ.P.

The point raised by defendant has not heretofore been decided in any reported

case. This court concludes that it does not bar the present action, for the reasons advanced by the Secretary.

■ (A) Section 14(a) and (b) of ADEA, 29 U.S.C. § 633(a) and (b), quoted above, must be read in connection with § 7 of ADEA, 29 U.S.C. § 626, to which § 14 refers. Subsections (c) and (d) of § 7, 29 U.S.C. § 626(c) and (d), deal with civil actions by individuals, not actions by the Secretary. Subsection (b) of § 7, 29 U.S.C. § 626(b), provides for enforcement of ADEA "in accordance with the powers, remedies, and procedures provided in sections 211(b), 216 (except for subsection (a) thereof), and 217 of [Title 29] and subsection (c) of this section", and states the type of relief which may be granted by a court. Subsection (b) of § 7, 29 U.S.C. § 626(b), concludes with the statement: "Before instituting any action under this section, the Secretary shall attempt to eliminate the discriminatory practice or practices alleged, and to effect voluntary compliance with the requirements of this chapter through informal methods of conciliation, conference, and persuasion." Section 211(b), one of the sections referred to in § 626(b), is not in point here; § 216(b) deals with actions by employees for the recovery of damages and attorneys' fees. Section 216(c) permits the Secretary to bring an action in any court of competent jurisdiction to recover the amount of the unpaid minimum wages or overtime compensation and an equal amount as liquidated damages. Section 217 gives the district courts—and only the United States district courts—jurisdiction to restrain violations of § 215. Section 626(b) also provides:

"* * * In any action brought to enforce this chapter the court shall have jurisdiction to grant such legal or equitable relief as may be appropriate to effectuate the purposes of this chapter, including without limitation judgments compelling employment, reinstatement or promotion, or enforcing

the liability for amounts deemed to be unpaid minimum wages or unpaid overtime compensation under this section. Before instituting any action under this section, the Secretary shall attempt to eliminate the discriminatory practice or practices alleged, and to effect voluntary compliance with the requirements of this chapter through informal methods of conciliation, conference, and persuasion."

These sections, read together, distinguish between actions for the recovery of money damages and attorneys' fees, and actions for injunctive relief. The former may be brought in any court of competent jurisdiction by employees as well as by the Secretary. The latter may be brought only by the Secretary and only in a federal court, but the relief which may be obtained therein includes appropriate payments to employees who have been discriminated against.[2]

The provision of § 14(b) of ADEA, 29 U.S.C. § 633(b), quoted above, that "no suit may be brought under section 626 of this title before the expiration of sixty days after proceedings have been commenced under the State law, unless such proceedings have been earlier terminated," applies to actions brought by aggrieved individuals and does not apply to actions, such as the case at bar, brought by the Secretary for broad injunctive relief, whether or not the Secretary seeks pecuniary relief for persons discriminated against, as well as injunctive relief.

■ (B)(C) It is clear that the Secretary has no right to "commence a proceeding" under the Maryland law. However, the Secretary may provide "reliable information" to the Md. HRC which may lead it to issue a complaint in its name under Art. 49B, § 12(b) of the Maryland Code. In this case, the Secretary did write Md. HRC on October 1, 1974, as noted above, but the Commission took no action. Under these circumstances, even if 29 U.S.C. § 633(b) should be construed

2. Md. HRC can bring suit only in the Maryland courts. Art. 49B, § 15 of the Maryland Code.

777

to apply to the Secretary, he substantially complied with its provisions.

Defendant's motion to dismiss is hereby denied.