Ray MARSHALL, Secretary of Labor, United States Department of Labor, Plaintiff,

v.

CHAMBERLAIN MANUFACTURING CORPORATION, Defendant.

Civ. No. 77–505.

United States District Court, M. D. Pennsylvania.

Nov. 16, 1977.

Thomas H. Tobin, U. S. Dept. of Labor, Philadelphia, Pa., for plaintiff.

H. Thomas Felix, II, Philadelphia, Pa., Spencer G. Hall, Jr., Harrisburg, Pa., James T. Lynn, III, Philadelphia, Pa., Nauman, Smith, Shissler & Hall, Harrisburg, Pa., for defendant.

## OPINION

MUIR, District Judge.

The Secretary of Labor of the United States Department of Labor (the Secretary) brought this complaint against Chamberlain Manufacturing Corporation (Chamberlain) alleging that Chamberlain has violated § 4 of the Age Discrimination and Employment Act of 1967 (ADEA), 29 U.S.C. § 621 et seq. and § 15 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et seq. According to the complaint, Chamberlain has been discharging, demoting and otherwise discriminating against many of its employees because they are between the ages of 40 and 65. On September 19 Chamberlain filed a motion for summary judgment accompanied by a brief. On October 11, 1977, the Secretary submitted to the Court a responsive brief. The last day for the filing of a reply brief was October 18, 1977.

First, Chamberlain seeks summary judgment pursuant to F.R.Civ.P. 56 because it contends that the Secretary failed to seek redress initially from the appropriate state agency as required by 29 U.S.C. § 633(b) and therefore alleges that this Court lacks subject matter jurisdiction concerning the Secretary's complaint. Lack of jurisdiction over the subject matter should be raised by a motion to dismiss or in the responsive pleading and not by a motion for summary judgment. *Solomon v. Solomon,* 516 F.2d 1018 (3d Cir. 1975). The Court will follow the opinion of Professor Moore, consider the label attached to a motion unimportant and will treat this motion for summary judgment to the extent that it is based on lack of subject matter jurisdiction as a motion to dismiss pursuant to F.R.Civ.P. 12(b)(1). 6 Moore's Federal Practice ¶ 5603 pages 56–60; *Meench v. Raymond Corporation,* 283 F.Supp. 68 (E.D.Pa.1968); *Navios Corporation v. National Maritime Union of America,* 236 F.Supp. 657 (E.D.Pa.1964).

29 U.S.C. § 633(b) provides as follows:

"(b) In the case of an alleged unlawful practice occurring in a State which has a law prohibiting discrimination in employment because of age and establishing or authorizing a State authority to grant or seek relief from such discriminatory practice, no suit may be brought under section 626 of this title before the expiration of sixty days after proceedings have been commenced under the State law, unless such proceedings have been earlier terminated: *Provided,* That such sixty-day period shall be extended to one hundred and twenty days during the first year after the effective date of such State law. If any requirement for the commencement of such proceedings is imposed by a State authority other than a requirement of the filing of a written and signed statement of the facts upon which the proceeding is based, the proceeding shall be deemed to have been commenced for the purposes of this subsection at the time such statement is sent by registered mail to the appropriate State authority."

It is undisputed that the Secretary neither commenced proceedings pursuant to state law nor notified the appropriate state agency of the alleged age discrimination before filing this complaint. 29 U.S.C. § 633(b) only applies if the state in which the violation occurred has a law prohibiting discrimination in employment because of age and establishes a state agency to grant or seek relief from such a discriminatory practice. Pennsylvania, where the alleged illegal age discrimination in this case occurred, does have a law prohibiting discrimination in employment based upon age and an agency with authority to grant relief from such discrimination. 43 P.S. §§ 951 et seq. See *Sutherland v. S K F Industries, Inc.,* 419 F.Supp. 610 (E.D.Pa.1976).

Only two reported decisions have been found by the Court and cited by the parties which deal with whether 29 U.S.C. § 633(b) applies to a complaint brought by the Secretary pursuant to the ADEA. One decision, *Dunlop v. Crown Cork & Seal Company, Inc.,* 405 F.Supp. 774 (D.Md.1976) held that 29 U.S.C. § 633(b) controls actions brought by aggrieved individuals but does not apply

to actions brought by the Secretary for broad injunctive relief. In *Cowlishaw v. Armstrong Rubber Company,* 425 F.Supp. 802, 807 (E.D.N.Y.1977), the Court, although it was not faced with this issue, stated that the Secretary is not required to seek relief for employees through any state agency or to wait on the state's processing of claims that the employees may have filed with the state before bringing a suit alleging a violation of the ADEA. No further discussion of this question is presented by the Court in that case. In an unpublished opinion, *Marshall v. West Essex General Hospital,* (D.N.Y., March 11, 1977), the Court concluded that 29 U.S.C. § 633(b) applied to an action brought by the Secretary pursuant to the ADEA and dismissed the complaint of the Secretary for failure to comply with that provision. The opinion of the Court in *Marshall, supra,* although cited by the Secretary in his brief, has not been provided to the Court despite the provision in the practice order issued June 14, 1977 in this case that copies of unreported decisions be appended to the brief.

The starting point of the Court's analysis must be the decision of the United States Court of Appeals for the Third Circuit in *Goger v. H. K. Porter Company, Inc.,* 492 F.2d 13 (3d Cir. 1974) in which the Court determined that 29 U.S.C. § 633(b) had to be complied with by an aggrieved individual before he could bring an action pursuant to the ADEA. The Court based its decision on the fact that § 633(b) has virtually identical language to that of 42 U.S.C. § 2000e-5(c) of Title VII of the Civil Rights Act of 1964. That parallel provision of the 1964 Act has repeatedly been interpreted by the courts as requiring that appropriate state agencies be given prior opportunity to consider discrimination actions before the aggrieved individual resorts to the federal courts. *Love v. Pullman Company,* 404 U.S. 522, 92 S.Ct. 616, 30 L.Ed.2d 679 (1972). The Court of Appeals in *Goger, supra,* stated that while it did not consider the failure to file a timely complaint with the appropriate state agency a mere technical omission, it did believe equitable relief to be appropriate in

that case because of a total absence of any judicial decision construing § 633(b) during the period involved in that case and in view of the remedial purposes of the ADEA. Consequently, the Court did not dismiss the Plaintiff's complaint. The Court concluded that in the future the Congressional intent that state agencies be given the initial opportunity to act should be strictly followed and enforced. *Id.* at 17. In *Rogers v. Exxon Research and Engineering Company,* 550 F.2d 834 (3d Cir. 1977), the United States Court of Appeals for the Third Circuit held that 29 U.S.C. § 633(b) sets forth a jurisdictional requirement in that ordinarily a Plaintiff's failure to avail himself of state administrative remedies would be fatal to his cause of action. The Court nevertheless considered equitable relief to be appropriate in view of the total absence of any judicial decisions construing § 633(b) during the period involved in that case.

In the light of these two opinions, the Secretary contends that § 633(b) only applies to actions brought by aggrieved individuals and does not act as a limitation upon him. Nothing in the language of § 633(b) supports such an interpretation. The relevant portion of the statute ". . . no suit may be brought under Section 626 of this title before the expiration of 60 days after proceedings have been commenced under the State law, unless such proceedings have been earlier terminated . . ." does not distinguish between actions commenced by individuals and by the Secretary.

The Secretary advances several arguments to support his interpretation of § 633(b). The Court will deal with them *seriatim.*

First, the Secretary contends that the *Goger* opinion's analogy to Title VII of the Civil Rights Act of 1964 lacks relevance to the situation where the Secretary institutes the action. According to the Secretary, where Congress intended that the federal agency defer to the state under Title VII it set forth this requirement in clear language. No such explicit provision appears in the ADEA. The Court finds this argu-

ment unpersuasive. Because Title VII contains clear statements indicating that the federal government should defer to the state in certain circumstances does not mean that the lack of such language in the ADEA negates such a requirement. The Court also notes that 42 U.S.C. § 2000e-5(c) which directs that the individual defer to state or local enforcement proceedings under Title VII uses the following language:

"No charge may be filed under sub-section (b) of this section by the person aggrieved before the expiration of 60 days after proceedings have been commenced under the state or local law . . . ."

Congress in Title VII specifically limited the state exhaustion requirements of 42 § 2000e-5(c) to an aggrieved individual. The language of 29 U.S.C. § 633(b) states that ". . . no suit may be brought . . . .". This difference in language indicates to the Court that Congress intended 29 U.S.C. § 633(b) to apply to all suits, including those brought by the Secretary.

Second, the Secretary contends that the fact that the Equal Employment Opportunity Commission normally has the limited requirement of notifying a state agency of a charge made by a commissioner and giving the state a reasonable time to act before it can take action pursuant to 42 U.S.C. § 2000e-5(c), Title VII of the 1964 Civil Rights Act, and that this requirement is stated explicitly and has no counterpart in the ADEA shows that, when Congress authorized the Secretary to bring suit under the ADEA, it clearly intended that the Secretary have the same direct access to federal court as the Attorney General of the United States was given under Title VII. The absence of provisions in the ADEA similar to those contained in Title VII establish and prove nothing. It is valid for a Court to be influenced by identical language in another statute and to give weight to the interpretation of that statute by other courts. But the absence of a provision from one statutory scheme that is contained in another constitutes a weak indication of Congressional intent at best. If Congress

desired the Secretary to have the same power under the ADEA as the Attorney General has under Title VII, it could have included an explicit authorization as it did for the Attorney General under Title VII.

Third, the Secretary challenges the interpretation of 29 U.S.C. § 633(b) given by the United States Court of Appeals for the Third Circuit in *Goger v. H. K. Porter Company,* 492 F.2d 13 (3d Cir. 1974) and in *Rogers v. Exxon Research and Engineering Company,* 550 F.2d 834 (3d Cir. 1977) that that section requires an individual to give a state agency a threshold period of 60 days to resolve the controversy before proceeding in federal court. This Court must follow the decisions of the Court of Appeals. The fact that the Secretary is disputing the interpretation of the Court of Appeals for the Third Circuit in other Courts of Appeals has no bearing upon this Court.

Fourth, the Secretary contends that the requirement that he first utilize state administrative remedies runs contrary to the intent of Congress to provide a speedy and effective federal remedy to age discrimination. According to the Secretary, the legislative history of the ADEA indicates an awareness that an elderly claimant would be particularly afflicted by the burdens of administrative tardiness characteristic of other statutes and that enforcement of the new statutes should be designed to minimize delay. *Bertrand v. Orkin Exterminating Company,* 419 F.Supp. 1123 (N.D.Ill. 1976). The Court's interpretation of 29 U.S.C. § 633(b) does not frustrate this Congressional intent. The Secretary would only be required to wait 60 days after he notifies the appropriate state authority of a violation in order to take direct action on his own. A 60-day delay to afford the state an opportunity to remedy the alleged wrong does not frustrate the Congressional purpose of providing a prompt and speedy remedy for age discrimination.

Fifth, the Secretary argues that Chamberlain's contention that 29 U.S.C. § 633(b) applies to a suit brought by the Secretary lacks consistency with the basic statutory scheme of the ADEA. Section 29 U.S.C.

§ 626 of the ADEA authorizes the Secretary to enforce the ADEA pursuant to the powers given to him in 29 U.S.C. §§ 211(b), 216, and 217. Section 626 also requires the Secretary before instituting any action under the ADEA to attempt to eliminate the discriminatory practices alleged by the Secretary and to effect voluntary compliance with the requirements of the ADEA through the informal methods of conciliation, conference and persuasion. According to the Secretary, all limitations on his authority pursuant to the ADEA are contained in § 626 and since limitations contained within § 633(b) are not referred to by § 626, they do not apply to the Secretary. The Court finds this approach of dubious validity. Section 633(b) is part of 29 U.S.C. § 633 which is captioned "Federal-State relationship." There are many reasons why Congress might have legitimately separated § 633(b) from § 626. Congress may have concluded that a separate section concerning federal-state relationships was in order.

Sixth, the Secretary maintains that Congress showed that it intended § 633(b) to govern actions filed pursuant to the ADEA by aggrieved individuals by extending the time period for notice to the Secretary of an age discrimination complaint where 633(b) applies. 29 U.S.C. § 626(d)(2). Because no mention is made of § 633(b) in § 626 concerning complaints filed by the Secretary, the Secretary concludes that § 633(b) does not apply to him. No reason existed for Congress to refer to § 633(b) in § 626 as concerning the Secretary. An individual seeking to file a complaint pursuant to the ADEA must give the Secretary 60 days notice of his intent to file the complaint. Congress extended the time to 300 days when § 633(b) applies. That is the reason why § 626 refers to § 633(b) as relating to an aggrieved individual.

Seventh, the Secretary contends that § 633(b) only governs actions filed by individuals because their right to sue is created by § 626, whereas the Secretary can enforce the ADEA by seeking an injunction pursuant to 29 U.S.C. § 217, the Fair Labor

Standards Act, (FLSA). This argument fails, because § 626 grants the Secretary the power to use 29 U.S.C. § 217 to remedy age discrimination. In the absence of § 626 the Secretary would lack the ability to obtain an injunction against violations of the ADEA.

In the light of the foregoing, the Court will grant Chamberlain's motion to dismiss because the Secretary has not complied with 29 U.S.C. § 633(b). Therefore, this Court lacks subject-matter jurisdiction of this complaint. The Secretary has not asked for equitable consideration concerning the application of this provision in this case. Consequently, the Court need not decide whether § 633(b) is a jurisdictional requirement in the strict sense or a statutory prerequisite subject to equitable modification. If § 633(b) is the latter, the Court would construe Chamberlain's motion to be a motion to dismiss made pursuant to F.R. Civ.P. 12(b)(6), failure to state a claim upon which relief can be given, and would grant the motion.

The Secretary's brief in this case which was 22 pages long contained no index and table of citations of the cases, statutes, and other authorities to which it referred. Paragraph 3.9 of Order No. 2 of June 14, 1977 issued by the Court in this case requires that a brief, if more than five pages in length, should contain an index and table of citations of the cases, statutes, and other authorities referred to therein with references to the pages at which they are cited. The Court takes this opportunity to point out this paragraph because it has noticed an increasing tendency on the part of litigants to disregard this provision. Since the Court has granted Chamberlain's motion to dismiss because of lack of subject-matter jurisdiction, there is no need for the Court to decide Chamberlain's other contention that the Secretary has failed to comply with the conciliation requirement of 29 U.S.C. § 626.

An appropriate order will be entered.