No. 326. CROSSLIN ET VIR *v.* MOUNTAIN STATES TELEPHONE & TELEGRAPH Co. C. A. 9th Cir. Motion of National Association for Advancement of Colored People for leave to file a brief as *amicus curiae* granted. Certiorari granted, judgment vacated, and case remanded to the United States District Court for the District of Arizona for reconsideration in light of suggestions contained in brief of the Solicitor General as *amicus curiae* filed November 19, 1970. By this remand this Court intimates no view as to the merits of the Solicitor General's position.

MR. JUSTICE DOUGLAS, dissenting.

Title VII of the Civil Rights Act of 1964, 78 Stat. 253, 42 U. S. C. § 2000e *et seq.,* establishes methods of securing relief for individuals complaining of discrimination in employment. An individual may bring court action to enforce his rights under Title VII only after he has filed a timely charge with the Equal Employment Opportunity Commission (EEOC). Section 706 (b), 42 U. S. C. § 2000e–5 (b), of the Act provides no charge may be filed with the EEOC until 60 days after the commencement of proceedings (unless they are terminated earlier) before a state or local agency, if one exists, which has power "to grant or seek relief" or to "institute criminal proceedings" with respect to the complaint. The EEOC has interpreted § 706 (b) as requiring initial submission of the complaint to state agencies only where the agency can provide adequate relief. At present Arizona and six

other States* have agencies with remedial powers which the EEOC finds inadequate.

This case arose in Arizona. Petitioners brought a complaint of racial discrimination in employment to the EEOC without first going to the Arizona Civil Rights Commission. The EEOC found there was reasonable cause to believe the charge was true and sent a statutory Notice-of-Right-To-Sue-Within-Thirty-Days and the action was timely filed. The Court of Appeals held that the District Court should have dismissed the complaint for lack of jurisdiction because the Arizona Civil Rights Commission should have been given the initial opportunity to consider the complaint. The court found that a state agency empowered "to grant and seek relief" included an agency that could only attempt to settle the dispute by conciliation and persuasion.

The proper functioning of the various Civil Rights Acts is of critical importance. This Court has recently re-emphasized the importance of deference to an administrative interpretation by the agency charged with the initial interpretation of a new law. *United States* v. *City of Chicago, ante,* p. 8; *Udall* v. *Tallman,* 380 U. S. 1, 16. The court below rejected the administrative interpretation of § 706 (b). In so doing it requires pursuing a state remedy classified as inadequate by the EEOC.

The various Civil Rights Acts represent a national commitment to achieve an end to racial discrimination. Forcing an alleged victim of racial discrimination—usually an indigent—first to seek a state remedy prior to vindication of his federal rights when that state remedy is palpably inadequate presents an issue of considerable importance. See *Glover* v. *St. Louis-San Francisco R. Co.,* 393 U. S. 324. I would grant certiorari to decide the question presented in this case.

---

*Idaho, Maine, Montana, Oklahoma, Tennessee, and Vermont.