**MOTOROLA, INC., an Illinois corporation, Plaintiff-Appellant,**

v.

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION et al., Defendants-Appellees.**

No. 25673.

United States Court of Appeals, Ninth Circuit.

May 15, 1972.

Robert V. Nystrom, (argued), Chicago, Ill.; Stephen W. Pogson, of Evans, Kitchel & Jenckes, Phoenix, Ariz., for appellant.

Julia P. Cooper, (argued), Robert P. Fitzpatrick, Russell Specter, Deputy Gen. Counsel, Stanley P. Herbert, Gen. Counsel, EEOC, Washington, D. C., for appellees.

Before KOELSCH and GOODWIN, Circuit Judges, and MURRAY, District Judge.*

ALFRED T. GOODWIN, Judge:

Motorola appeals a district court's order, 317 F.Supp. 282, enforcing an Equal Employment Opportunity Commission

---

* The Honorable William D. Murray, United States District Judge for the District of Montana, sitting by designation.

(EEOC) discovery demand, denying Motorola's motion to quash the demand, and permitting the EEOC to amend an unfair employment practice charge filed against Motorola. Because we hold that the proceedings before the district court were premature, we remand.

Acting pursuant to 42 U.S.C. § 2000e–5(a), a member of the EEOC charged Motorola with various unfair employment practices. No proceedings were commenced before the Arizona Civil Rights Commission.

■ Under 42 U.S.C. § 2000e–5(c), an EEOC commissioner may not commence an unfair employment practice charge without first filing notice of such charge before a state agency which is authorized "to grant or seek relief from such practice." The Arizona Civil Rights Commission is such an agency. Crosslin v. Mountain States Telephone and Telegraph Co., 422 F.2d 1028 (9th Cir. 1970), cert. granted, judgment vacated, and remanded for further consideration, 400 U.S. 1004, 91 S.Ct. 562, 27 L.Ed.2d 618 (1971). That commission's jurisdiction is limited to complaints filed by "any person claiming to be aggrieved." Arizona Revised Statutes (A.R.S.) § 41–1481. But an EEOC commissioner who files a charge pursuant to 42 U.S.C. § 2000e–5 (a) is an aggrieved person within the meaning of the Arizona statutes. See A.R.S. § 41–1461, ¶ 4. Therefore, the EEOC commissioner should have first sought recourse before the Arizona Civil Rights Commission.

The district court shall retain jurisdiction for a time sufficient to allow the EEOC to notify the Arizona Civil Rights Commission and to allow that commission the statutory deferral period in which to act upon it. See 29 C.F.R. §§ 1601.10, 1601.12(iv). If the Arizona commission elects not to act, the district court may then proceed as the rights of the parties may then appear. Crosslin v. Mountain States Telephone and Telegraph Co., 400 U.S. 1004, 91 S.Ct. 562, 27 L.Ed.2d 618, *supra*; Love v. Pullman Co., 404 U.S. 522, 92 S.Ct. 616, 30 L.Ed. 2d 679 (1972).

Motorola's premature attack on the sufficiency of the EEOC's initial complaint reveals no basis for dismissal. The district court did not err by permitting the EEOC to amend its charge. Georgia Power Co. v. Equal Employment Opportunity Com'n, 412 F.2d 462, 466 (5th Cir. 1969). And, as amended, the charge stated facts upon which relief in a proper case could be based. Bowaters Southern Paper Corp. v. Equal Employment Opportunity Com'n, 428 F.2d 799 (6th Cir. 1970), cert. denied, 400 U.S. 942, 91 S.Ct. 241, 27 L.Ed.2d 246 (1970).

■ Since the district court held an adversary hearing and allowed Motorola to argue against the scope of the EEOC's discovery demand, Motorola was not prejudiced by the court's refusal to hold an additional hearing on Motorola's motion to quash.

Remanded with the instructions noted above.