Josephine **PARKER** and Judi Greenlee, Plaintiffs-Appellants,

v.

**GENERAL TELEPHONE COMPANY OF the NORTHWEST, INC.,** Defendant-Appellee.

No. 71–1547.

United States Court of Appeals, Ninth Circuit.

April 11, 1973.

Rembert Ryals (argued), David E. Williams, Critchlow, Williams, Ryals & Schuster, Richland, Wash., for plaintiffs-appellants.

George J. Tichy (argued), Spokane, Wash., for defendant-appellee.

Before KOELSCH and WRIGHT, Circuit Judges, and BELLONI,* District Judge.

PER CURIAM:

Josephine Parker and Judi Greenlee were employed by General Telephone Company. Plaintiffs alleged that they were discriminated against in the course of employment because of their sex. Charges were filed by plaintiffs with the Equal Employment Opportunity Commission (EEOC), pursuant to Section 706(a) of Title VII, Civil Rights Act of 1964, 42 U.S.C. § 2000e–5(a). Plaintiffs made no filing with the state. The EEOC concluded that reasonable cause existed to believe the truth of plaintiffs' charges. Plaintiffs filed their complaint in district court after informal efforts to resolve the dispute proved unsuccessful.

The district court dismissed the action on the grounds that plaintiffs had failed to notify the state of their claims, and that such notice was necessary, under 42 U.S.C. § 2000e–5(b), as a preliminary to federal jurisdiction. We find that the dismissal of plaintiffs' complaint was in error.

"The district court shall retain jurisdiction for a time sufficient to allow the EEOC to notify [the appropriate state commission] and to allow that commission the statutory deferral period in which to act upon it. . . . If the [Washington] commission elects not to act, the district court may then proceed as the rights of the parties may then appear." Motorola, Inc. v. Equal Employment Opportunity Commission, 460 F.2d 1245, 1246 (9th Cir. 1972), citing Crosslin v. Mountain States Telephone and Telegraph Co., 400 U.S. 1004, 91 S.Ct. 562, 27 L.Ed.2d 618 (1971).

Defendant, in its answer, maintained that the conditions for venue enumerated in Section 706(f) of Title VII, Civil Rights Act of 1964, 42 U.S.C. § 2000e–5 (f), were not satisfied with respect to Plaintiff Greenlee. While this issue was neither briefed nor argued by the attorneys on appeal, the record does indicate that the practices complained of by Plaintiff Greenlee occurred in the State of Idaho. Nonetheless, venue may rest on some other basis set forth in the statute. The trial judge addressed himself to the problem, however, the issue remains unresolved. On remand, the trial judge is directed to consider and determine the matter of venue with respect to Plaintiff Greenlee.

Remanded.

* Honorable Robert C. Belloni, United States District Judge, District of Oregon, sitting by designation.