**Virginia L. GOGER, Appellant,**

v.

**H. K. PORTER COMPANY, INC.,**
**Appellee.**

**No. 73-1348.**

United States Court of Appeals,
Third Circuit.

Argued Nov. 5, 1973.

Decided Jan. 31, 1974.

**14**

John A. Craner, Craner & Brennan, Ronald J. Nelson, Elizabeth, N. J., for appellant.

Thomas W. Budd, Clifton, Budd & Burke, New York City, William J. Kilberg, Solicitor of Labor, Carin Ann Clauss, Associate Solicitor, Donald S. Shire, Atty., Washington, D. C., Francis V. LaRuffa, New York City, Regional Solicitor, for appellee.

Before VAN DUSEN, HUNTER and GARTH, Circuit Judges.

## OPINION OF THE COURT

JAMES HUNTER, III, Circuit Judge:

This appeal involves a suit by appellant Goger against her former employer for terminating her employment allegedly on account of her age in violation of the Age Discrimination in Employment Act of 1967 (hereinafter "the Act or 1967 Act").[1] The district court dismissed the action for failure to have jurisdiction, holding that under the 1967 Act appellant was required to submit a complaint to the appropriate agency of the State of New Jersey at least sixty days prior to instituting an action in the federal courts. Appellant appeals pursuant to 28 U.S.C. § 1291.

Appellee is a New Jersey corporation with its principal place of business in New Jersey. Shortly after appellant was dismissed, counsel for appellant notified the Secretary of Labor that appellant intended to file a civil action under the 1967 Act and requested that the Secretary fulfill his mediation obligations.[2] The Secretary, acting through his Area Director, Hugo C. Sica of the Wage and Hour and Public Contracts Divisions of the United States Department of Labor, acknowledged receipt of the complaint

---

1. 29 U.S.C. § 621 et seq.

2. 29 U.S.C. § 626(d) provides:
 "No civil action may be commenced by any individual under this section until the individual has given the Secretary not less than sixty days' notice of an intent to file such action. . . .

Upon receiving a notice of intent to sue, the Secretary shall promptly notify all persons named therein as prospective defendants in the action and shall promptly seek to eliminate any alleged unlawful practice by informal methods of conciliation, conference, and persuasion."

and referred the matter to a compliance officer. All attempts by the compliance officer to reach a satisfactory solution proved fruitless so he advised appellant's counsel that appellant was free to institute her contemplated civil action under the Act. At no time prior to the institution of this suit did appellant file a complaint with the Division on Civil Rights of the Department of Law and Public Safety, the New Jersey State Agency responsible for the elimination of unlawful discrimination in employment based on age.[3] Such a complaint is now barred under New Jersey law, which requires all complaints to be filed within 180 days of the alleged act of discrimination.[4]

Since a state agency existed in New Jersey having authority to grant appellant relief from the alleged discrimination,[5] the central issue before us is whether section 633(b)[6] of the 1967 Act requires an aggrieved individual initially to seek redress from the state agency before instituting suit in federal district court. Appellant and the Secretary of Labor in an amicus curiae brief argue that under the Act an aggrieved individual has the choice of pursuing either federal or state remedies; only if he chooses the latter is the sixty-day limitation of section 633(b) applicable.

In their view section 633(b) does not deal with the situation where no state proceedings "have been commenced."

 We agree with the district court, however, that although the Act does not require an aggrieved person to exhaust state remedies as a condition precedent to the institution of a federal suit, it does require that the State be given a threshold period of sixty days in which it may attempt to resolve the controversy, normally by voluntary compliance.

Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. (hereinafter "1964 Act") specifically prohibited discrimination on the grounds of race, color, religion, sex or national origin.[7] Congress recognized that the 1964 Act left untouched a major problem—age discrimination—and consequently directed the Secretary of Labor to make a study of the full magnitude of this problem.[8] From this common origin arose the 1967 Act.

A comparison of these two statutes reveals that section 633(b) is virtually identical to the language of the parallel provision of the 1964 Act,[9] and courts have repeatedly interpreted the latter as requiring that appropriate state agencies be given a prior opportunity to consider discrimination complaints before

---

3. N.J.Stat.Ann. 10:5–1 et seq.

4. N.J.Stat.Ann. 10:5–18. Appellant states in her complaint that while this appeal was pending she also unsuccessfully sought to have the Attorney General of New Jersey relate her state cause of action back to the institution of her suit in the district court.

5. N.J.Stat.Ann. 10:5–6, 10:5–17, 10:5–19. *Cf.* Crosslin v. Mountain States Tel. & Tel. Co., 422 F.2d 1028 (9th Cir. 1970), vacated and remanded, 400 U.S. 1004, 91 S.Ct. 562, 27 L. Ed.2d 618 (1971).

6. 29 U.S.C. § 633(b) provides:
 "*Limitation of Federal action upon commencement of State proceedings*
 (b) In the case of an alleged unlawful practice occurring in a State which has a law prohibiting discrimination in employment because of age and establishing or authorizing a State authority to grant or seek relief from such discriminatory practice, *no suit may be brought under section 626 of this title before the expiration of sixty days after*

*proceedings have been commenced under the State law*, unless such proceedings have been earlier terminated . . . ." (Emphasis added.)

7. 42 U.S.C. § 2000e–2.

8. Act of July 2, 1964, Pub.L. No. 88–352, § 715, 78 Stat. 265.

9. 42 U.S.C. § 2000e–5(b), as amended, 42 U. S.C. § 2000e–5(c) provides:
 "In the case of an alleged unlawful employment practice occurring in a State, . . . which has a . . . law prohibiting the unlawful employment practice alleged and establishing or authorizing a State . . . authority to grant or seek relief from such practice . . ., *no charge may be filed . . . by the person aggrieved before the expiration of sixty days after proceedings have been commenced under the State . . . law*, unless such proceedings have been earlier terminated. . . ." (Emphasis added.)

resorting to the federal courts.[10] Love v. Pullman Co., 404 U.S. 522, 92 S.Ct. 616, 30 L.Ed.2d 679 (1972); Crosslin v. Mountain States Tel. & Tel. Co., 422 F.2d 1028 (9th Cir. 1970), vacated and remanded, 400 U.S. 1004, 91 S.Ct. 562, 27 L.Ed.2d 618 (1971); Electrical Workers, Local 5 v. EEOC, 398 F.2d 248 (3d Cir. 1968), cert. denied, 393 U.S. 1021, 89 S. Ct. 628, 21 L.Ed.2d 565 (1968).

The minor differences between section 633 and its counterpart under the 1964 Act are insignificant and provide no support for an interpretation of the former which is contrary to the Supreme Court's construction in Love v. Pullman, *supra*. Moreover, the legislative history of the 1967 Act, though largely couched in terms identical to that of the statute,[11] nonetheless is devoid of any intention of Congress to deviate from the basic philosophy of the 1964 Act of initially giving state agencies sixty days to resolve the problem.[12] Indeed, at the public hearings before the Senate Subcommittee on Labor at least two individuals suggested to the Subcommittee the desirability of retaining Title VII's feature of deferring in the first instance to state agencies for a limited period of time.[13] We therefore conclude that section 633(b) required appellant to seek relief from the appropriate New Jersey agency prior to instituting her suit in the federal district court.

Lastly, appellant and the Secretary of Labor argue that notwithstanding our interpretation of section 633(b) appellant should not be barred from seeking relief under the Act since appellant filed her federal complaint only after a Department of Labor compliance officer had advised her counsel that the Department's efforts to reach a satisfactory settlement had failed and that appellant was thus free to institute an action under the Act. *See* Love v. Pullman, 404 U.S. 522, 92 S.Ct. 616, 30 L.Ed.2d 679 (1972); Crosslin v. Mountain States Tel. & Tel. Co., 400 U.S. 1004, 91 S.Ct. 562, 27 L.Ed.2d 618 (1971); Parker v. General Telephone Co., 476 F.2d 595 (9th Cir. 1973); Mitchell v. Mid-Continent Spring Co., 466 F.2d 24 (6th Cir. 1972); Sanchez v. Standard Brands, Inc., 431 F.2d 455 (5th Cir. 1970); Choate v. Caterpillar Tractor Co., 402 F.2d 357 (7th Cir. 1968).

While we do not consider the failure to file a timely complaint with the appropriate state agency a mere "techni-

---

10. Moreover, under both acts an aggrieved individual is given a longer period of limitations within which to bring his federal action when there is an appropriate state agency available for resolving allegedly unlawful employment practices. 42 U.S.C. § 2000e–5(d), as amended, 42 U.S.C. § 2000e–5(e); 29 U.S.C. § 626(d).

11. *E. g.*, 2 U.S.Code Cong. & Admin.News 1967 at pp. 2218–19 (1967).

12. For a discussion of the legislative history of Title VII of the 1964 Act, *see* Crosslin v. Mountain States Tel. & Tel. Co., 422 F.2d at 1030–1031.

13. Age Discrimination in Employment, Hearings before the Subcommittee on Labor of the Committee on Labor and Public Welfare, United States Senate 1, 102 & 234 (March 15–17, 1967), which states *inter alia*:
"Mr. Biemiller.
\* \* \* \* \*
"It would seem to me it would be a far more practical and preferable solution if you would take the pattern that was developed by Senator Dirksen and Senator Humphrey, working in concert, in connection with Title VII of the Civil Rights Act of 1964 creating the Equal Employment Opportunities Commission. There, as I recall, when you have a State law that is substantially in agreement with the Federal law a matter of 60 days is given to the State fair employment agency to try to solve the problem.
"At the end of that time, if the matter is not resolved, the case is moved to the Federal agency."
\* \* \* \* \*
"Mr. [Judge] Conway. The only thing that occurs to me in reference to this, Senator, is the fact that already a provision is set forth in the Civil Rights Act of 1964 that seems to work quite effectively and in respect to this matter it is not unlike the situation that you present.
"That is to say, the Federal Government does have jurisdiction under the 1964 act but does defer to State agencies with power of enforcement and also provides for a time limit within which action must first be taken by the State where such cases are so deferred."

cal" omission,[14] we nonetheless consider equitable relief to be appropriate in view of the total absence, to our knowledge, of any judicial decision construing section 633(b) during the period involved here and in view of the remedial purpose of the 1967 Act.[15] In the future, however, we think the Congressional intent that state agencies be given the initial opportunity to act should be strictly followed and enforced. *See* Dubois v. Packard Bell Corp., 470 F.2d 973 (10th Cir. 1972). For the reason stated in the first sentence of this paragraph, we need not decide on this record whether a plaintiff must always proceed first before the state agencies.

The order of the district court of February 20, 1973 will be vacated and the cause remanded for a hearing on the merits of appellant's complaint.

GARTH, Circuit Judge (concurring):

I concur in the result reached by the majority opinion. However, I do not agree that merely because 29 U.S.C. § 633(b) of the Age Discrimination in Employment Act of 1967 (hereinafter "ADEA") is similar in language to 42 U.S.C. § 2000e–5(b) of Title VII of the Civil Rights Act of 1964 (hereinafter "Title VII"), they are necessarily subject to the same construction. The various dissimilarities between the two Acts (and in particular the presence of § 633(a) [1] in ADEA, which has no counterpart in Title VII) impel me to the conclusion that there is no requirement that a plaintiff must first attempt to utilize available state remedies before filing suit under the 1967 Act.

42 U.S.C. § 2000e–5(b) establishes the steps to be taken by a complainant before the filing of a Title VII suit. These procedures should be compared with 29 U.S.C. § 626(b) (*not* § 633(b) —the statute at issue here) which prescribes the jurisdictional prerequisites for filing suit under ADEA.

By contrast, 29 U.S.C. § 633, the statute with which we are here concerned, does not deal with jurisdictional prerequisites for instituting suit, but rather is concerned with Federal and State relationship. Thus, even though the language of § 633(b) is similar to that of § 2000e–5(b), its purpose and thrust is different, and in my opinion does not require resort to state courts prior to the filing of suit under ADEA.

Section 633(b) provides inter alia ". . . no suit may be brought under § 626 of this title [29] before the expiration of sixty days after proceedings have been commenced under the State law, unless such proceedings have been earlier terminated. . . ." The Secretary of Labor in its *amicus* brief asserts that ". . . the limitation upon the right to file suit under the [ADEA] applies *only* if proceedings have *already* been initiated under existing State law. There is no requirement [in this language], however, that such State proceedings must *first* be initiated—*i. e.*, that a complaint be made to the appropriate State agency—before suit may be filed under the [Federal ADEA]."

In support of that construction the Secretary of Labor asserts that the sole Congressional purpose underlying the enactment of 29 U.S.C. § 633(b) was to

14. *Cf.* Love v. Pullman, *supra;* Sanchez v. Standard Brands, Inc., *supra;* Choate v. Caterpillar Tractor Co., *supra*.

15. *Compare* Sanchez v. Standard Brands, Inc., 431 F.2d 455 (5th Cir. 1970). We note that following the Supreme Court's remand in Crosslin v. Mountain States Tel. & Tel. Co., 400 U.S. 1004, 91 S.Ct. 562, 27 L.Ed.2d 618 (1971), the district court entertained a motion to dismiss because the appellant had acted too late in filing charges with the state agency. Crosslin v. Mountain States Telephone Co., Civil No. 6863 (D.Ariz. filed June 3, 1971). The court reasoned that

since virtually the same arguments raised in the motion were before the Supreme Court, the motion had to be denied; otherwise the Supreme Court's remand would have been a futile act.

1. § 633(a) provides:

"Nothing in this chapter shall affect the jurisdiction of any agency of any State performing like functions with regard to discriminatory employment practices on account of age except that upon commencement of action under this chapter such action shall supersede any State action."

give the State time to act on a complaint *if* an aggrieved individual chose to proceed there first. (That choice might well be made by a complainant if a State affords a greater remedy against age discrimination or imposes prohibitions against age discrimination greater or stricter than those provided under Federal law.[2])

The construction given this statute by the Secretary of Labor is persuasive, and as it is that agency which is charged with the administration of ADEA, it should be given great deference, Udall v. Tallman, 380 U.S. 1, 85 S. Ct. 792, 13 L.Ed.2d 616 (1964).

I do not believe that it was the intent of Congress to require, prior to the institution of a Federal action, the commencement of a State proceeding which, under § 633(b), need not be concluded and which in any event would be superseded by the filing of the Federal action under § 633(a).

2. Former Labor Secretary W. Willard Wirtz has stated that the preservation of the jurisdiction of State agencies in § 14 [29 U.S. C. § 633] will allow such agencies to impose prohibitions against age discrimination in employment stricter than those provided under the Federal law. Hearings on S830 Before the Subcommittee on Labor of the Committee on Labor and Public Welfare, U. S. Senate, 90th Cong., 1st Séss. 1967, page 48.