Catherine M. STURGEON,
Plaintiff-Appellant,

v.

AVON PRODUCTS, INC.,
Defendant-Appellee.

No. 77–1574.

United States Court of Appeals,
Seventh Circuit.

Argued Nov. 9, 1977.

Decided Feb. 21, 1978.

Ronald G. Isaac, Indianapolis, Ind., for plaintiff-appellant.

J. Alan Lips, Cincinnati, Ohio, Martha S. West, Indianapolis, Ind., for defendant-appellee.

Before TONE and WOOD, Circuit Judges, and WYZANSKI, Senior District Judge.*

TONE, Circuit Judge.

The issue is whether 29 U.S.C. § 633(b), the provision of the Age Discrimination in Employment Act of 1967 for deferral of a federal action until 60 days after the com-

mencement of proceedings under state law, precluded the plaintiff from filing this action because she had not first sought redress in an Indiana proceeding. We hold that it did not, because it appears that no redress was available under state law. A contrary ruling of the District Court is therefore reversed.

Plaintiff was discharged from her employment as a district manager of the defendant. Before discharging her, defendant's management tried to persuade her to take early retirement, as she was entitled to do under the company's retirement and pension plan.[1] When she refused to do so, she was fired. The company has continued to offer her early retirement benefits, but she has refused to submit the requisite application.

After notifying the United States Department of Labor of her intention to pursue her remedy under the Age Discrimination in Employment Act, the Department issued a letter authorizing her to sue. Thereafter, without having instituted any proceeding under Indiana law, she commenced this action.

Defendant moved to dismiss the action on the ground that plaintiff had failed to comply with 29 U.S.C. § 633(b). Plaintiff contended that she had no state remedy because of the exception in the Indiana Age Discrimination Act for employees qualified for benefits under an employer retirement or pension plan. Ind.Code § 22–9–2–10. She also contended that § 633(b) "is not jurisdictional" and therefore did not preclude the federal court from assuming jurisdiction despite her failure to file a state complaint.

The court held that § 633(b) "is a jurisdictional prerequisite to actions like the one here," and that "[e]ven though plaintiff believed she was within an exception to the Indiana statute, the federal act requires her to have at least attempted to seek her state

---

* The Honorable Charles E. Wyzanski, Jr., Senior District Judge of the United States District Court for the District of Massachusetts, is sitting by designation

1. The plan is not before us, but defendant's brief concedes plaintiff's eligibility under the plan.

remedies before resorting to federal jurisdiction."

29 U.S.C. § 633(b) provides in pertinent part as follows:

In the case of an alleged unlawful practice occurring in a State which has a law prohibiting discrimination in employment because of age and establishing or authorizing a State authority to grant or seek relief from such discriminatory practice, no suit may be brought under section 626 of this title before the expiration of sixty days after proceedings have been commenced under the State law, unless such proceedings have been earlier terminated: . . ..

To decide this case we need to reach only the related questions of whether the plaintiff had any remedy under Indiana law in view of her retirement rights and, if not, whether § 633(b) required her to seek redress under that law. If these questions are answered in the negative, it is unnecessary to decide whether pursuing an available state remedy for 60 days is a prerequisite to an action under § 633(b).

The exception in the Indiana act on which plaintiff relies is as follows:

Employees excepted. These provisions shall not apply . . . to a person who is qualified for benefits under the terms or conditions of an employer retirement or pension plan or system.

Ind.Code § 22–9–2–10.

■ Although conceding, as we have noted, the plaintiff's eligibility for benefits under the employer pension plan if she chooses to apply for them, the defendant argues that she was nevertheless not "qualified" for benefits within the meaning of the Indiana provision. First, it is argued that the exemption does not apply to "persons like Sturgeon who were forcibly terminated from employment." This is a strange interpretation, since if the termination were voluntary it could hardly be challenged even absent the exemption.

■ Second, it is said that the exemption should be read to apply only when the employee has "already fulfilled all prerequi-

sites for vesting of retirement rights," one of which was applying for the benefits. We think the Indiana legislature would not have chosen the language used in § 22–9–2–10 if its intention was to give a discharged employee who is entitled to pension benefits a choice of either applying for benefits or proceeding under the act.

Nor does it appear that § 22–9–2–10 of the Indiana act was intended to apply only to compulsory retirement terms applicable to all employees of a given age. If that were its meaning it would be redundant, for another provision of the act exempts "compulsory retirement requirements for any class of employees at an age or ages less than sixty-five [65] years." Ind.Code § 22–9–2–11.

The adjective "qualified" in § 22–9–2–10 means, we think, "entitled" or "eligible," and does not require that the employee have completed the paperwork necessary to assert her right. Plaintiff was therefore qualified under the defendant's plan.

[3] Although § 633(b) does not in terms require that the plaintiff's claim be within the coverage of the state law prohibiting age discrimination in employment and establishing a state authority through which relief may be sought, it must be interpreted to do so by implication. There would be no purpose in requiring a plaintiff to commence proceedings under a state law which did not apply to the claim being asserted.

■ We need not decide whether, if the plaintiff's claim were cognizable under the Indiana act, § 633(b) would make it a condition to maintaining a federal action that she first proceed under state law for 60 days, or would merely require that if she had elected to commence a state proceeding it must have been pending for 60 days before the federal action may be filed. This is a question on which courts have disagreed. Compare, e. g., *Goger v. H. K. Porter Co.*, 492 F.2d 13, 15–16 (3d Cir. 1974), with *Vazquez v. Eastern Airlines, Inc.*, 405 F.Supp. 1353, 1357 (D.P.R.1975); see *Bertrand v. Orkin Exterminating Co.*, 419 F.Supp. 1123, 1124–1127 (N.D.Ill.1976); *cf.*

8

*Moore v. Sunbeam Corp.*, 459 F.2d 811, 821 (7th Cir. 1972). Nor need we decide whether, as the plaintiff argues, even if § 633(b) requires prior resort to the state remedy (even though no state action has been filed) equitable considerations should be invoked to permit the action to proceed. *Cf. Goger v. H. K. Porter Co., supra,* 492 F.2d at 16–17; *Bertrand v. Orkin Exterminating Co., supra,* 419 F.Supp. at 1129–1130; *Skoglund v. Singer Co.,* 403 F.Supp. 797, 801–803 (D.N.H.1975).

The judgment is reversed and the case is remanded with directions to deny the motion to dismiss and to conduct appropriate further proceedings.