**Robert E. SMITH, Appellant,**

v.

**JOS. SCHLITZ BREWING COMPANY.**

No. 77–1745.

United States Court of Appeals,
Third Circuit.

Argued Feb. 17, 1978.

Decided July 14, 1978.

---

Robert E. Smith, pro se.

Garrett E. Brown, Jr., Newark, N. J. (Stryker, Tams & Dill, Newark, N. J., of counsel), Rody P. Biggert, Thomas P. Gies, Chicago, Ill., (Seyfarth, Shaw, Fairweather & Geraldson, Chicago, Ill., of counsel), for appellee Jos. Schlitz Brewing Co.

Carin Ann Clauss, Sol. of Labor, Donald S. Shire, Associate Sol., Lois G. Williams, Kerry L. Adams, Attys., U. S. Dept. of Labor, Washington, D. C., Francis V. La-Ruffa, Regional Sol., New York City, for Secretary of Labor as amicus curiae.

## OPINION OF THE COURT

Before SEITZ, Chief Judge, and RO-SENN and GARTH, Circuit Judges.

GARTH, Circuit Judge.

Again, we are presented with an appeal involving an employee's failure to resort to state age discrimination remedies before instituting federal suit under the Age Discrimination in Employment Act of 1967 (ADEA).[1] Our court in *Goger v. H. K.*

*Porter Co., Inc.,* 492 F.2d 13 (3d Cir. 1974), had previously required that resort must first be had to state administrative proceedings. We had then held in *Rogers v. Exxon Research & Engineering Corp.,* 550 F.2d 834, 844 (3d Cir. 1977), *cert. denied,* 434 U.S. 1022, 98 S.Ct. 749, 54 L.Ed.2d 770 (1978), that such prior state resort was a "jurisdictional" prerequisite. Today, however, we have overruled *Goger* and its progeny, and have "h[e]ld that resort to state age discrimination remedies is not a precondition to maintaining a federal suit for age discrimination." *Holliday v. Ketchum, Mac-Leod & Grove, Inc.,* 584 F.2d 1221 at 1222 (3d Cir. 1978) (in banc). Thus, we reverse the district court's order of summary judgment in favor of Joseph Schlitz Brewing Company (Schlitz), the employer, and remand for further proceedings.

## I.

The plaintiff, Robert E. Smith, a New Jersey resident, was hired by Schlitz on October 20, 1952. Throughout his employment, he served as Industrial Relations Manager of the Schlitz brewery in Brooklyn, New York. As early as 1969, Schlitz began formulating plans to close its Brooklyn brewery. Beer production at the Brooklyn plant ceased in March, 1973. The plant was sold toward the latter part of that year, and from March through December of 1973 Smith continued to serve as resident manager. Although Schlitz was then planning to open a new brewery in Syracuse, New York, at no time did Schlitz offer to employ Smith at, or relocate him to, the new facility. Thus, on December 31, 1973, Smith was forced into involuntary retirement at age 62.[2]

Smith, claiming that Schlitz's actions violated the ADEA,[3] sought assistance from

---

1. Pub.L.No.90–202, 81 Stat. 602 (1967) (codified *as amended* at 29 U.S.C. §§ 621 *et seq.*).

2. Apparently, the mandatory retirement age for all Schlitz employees is 65. Amended Complaint ¶ 4.

3. 29 U.S.C. § 623(a) provides that:
   It shall be unlawful for an employer—
   (1) to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileg-

those administrative agencies charged with combating age discrimination in employment.[4] Smith alleged that he first visited the New York City office of the United States Department of Labor (Department). There he was advised to file his complaint with that Department's office in Paterson, New Jersey because he resided in that state. Despite this direction, Smith contends that he nevertheless placed a telephone call to the New York State Human Rights Division in Manhattan.[5] "After a considerable conversation, consisting mostly of [the state representative] questioning [Smith]," [6] Smith was again advised to file his complaint with the Department office nearest his home. This advice was predicated upon the consideration that Schlitz was no longer conducting business directly in New York, and had no corporate or regional office there.[7]

Having been advised by both the Department and the New York Division of Human Rights that the proper office in which to lodge his complaint was the Department's office in Paterson, New Jersey, Smith did just that.

After the Department's conciliation attempts with Schlitz had failed, Smith instituted in federal court the present action charging age discrimination. Thereafter, Schlitz moved to dismiss the complaint, or in the alternative for summary judgment. Among other grounds for its motion,[8] Schlitz asserted that Smith had failed to satisfy the jurisdictional prerequisite contained in 29 U.S.C. § 633(b) requiring prior resort to state age discrimination remedies.[9]

The district court, construing *Rogers v. Exxon Research & Engineering Corp.*, *supra,* to require strict compliance with this jurisdictional prerequisite, entered judgment for Schlitz.[10] The sole ground for this ruling was Smith's asserted failure to commence state age discrimination proceedings.[11]

---

es of employment, *because of such individual's age;* . . .

(Emphasis added). *See* Pub.L.No.95–256, § 2(a), 92 Stat. 189 (1978) (codified at 29 U.S.C.A. § 623(f)(2) (Supp. 1 June, 1978)) ("no . . . seniority system or employee benefit plan shall require or permit the involuntary retirement of any individual . . . because of the age of such individual"); H.R.Conf.Rep.No.950, 95th Cong., 2d Sess. 8, *reprinted in* [1978] U.S.Code Cong. & Admin.News, pp. 976, 1000, 1001 (retirement plans in effect before the enactment of the ADEA are *not* exempt from § 623(f)(2)).

Discussions of age discrimination and of the ADEA are furnished in Note, *The Age Discrimination in Employment Act of 1967,* 90 Harv.L. Rev. 380 (1976); Note, *Age Discrimination in Employment,* 50 N.Y.U.L.Rev. 924, 945–51 (1975). The 1978 amendments to the ADEA are highlighted in Explanatory Notes, 46 U.S. L.W. 53–57 (May 9, 1978).

4. The actions which Smith took in pursuit of his claim are set forth in detail in an uncontroverted affidavit (hereinafter Smith Affidavit), which was filed in opposition to Schlitz's motion for summary judgment.

5. The parties agree that since the alleged acts of age discrimination occurred in the State of New York, the New York Division of Human Rights is the state authority with power "to grant or seek relief from such discriminatory practice" within the meaning of 29 U.S.C. § 633(b).

6. Smith Affidavit, ¶ 4.

7. *Id.* at ¶ 5.

8. The other grounds which were asserted, although not relevant to this appeal, were Smith's failure to notify the Secretary of Labor of his "intent to sue" as required by 29 U.S.C. § 626(d) (prior to 1978 amendment), and a concomitant failure to allege the date of the notice of intent to sue.

9. 29 U.S.C. § 633(b) provides in pertinent part:

In the case of an alleged unlawful practice occurring in a State which has a law prohibiting discrimination in employment because of age and establishing or authorizing a State authority to grant or seek relief from such discriminatory practice, no suit may be brought under section 626 of this title before the expiration of sixty days after proceedings have been commenced under the State law, unless such proceedings have been earlier terminated . . . . .

10. At an earlier proceeding the district court had denied Schlitz's motion to dismiss Smith's complaint, as it interpreted *Goger* not as a strict jurisdictional holding but as one that permitted equitable relief. 419 F.Supp. 770 (D.N.J. 1976).

11. *See* Civ.Docket No. 75–2216, Transcript of Proceedings at 2 (D.N.J. Feb. 14, 1977) (reproduced at Appellee's Appendix at 3).

Schlitz's motion filed on Jan. 24, 1977, sought an order dismissing the complaint "or in the

## II.

On February 17, 1978, the date on which we heard oral argument in Smith's appeal, our court had pending before it at least one other appeal brought by an ADEA claimant who had been denied relief because he too had failed to resort to state age discrimination remedies prior to instituting a federal action.[12] In addition, our court in yet a third case was considering whether the Secretary of Labor must resort to state remedies before bringing an age discrimination suit in federal court.[13] These filings brought to a total of at least six the number of section 633(b) cases instituted within just the last four years before our court alone.[14] Thus, our court entered an order to reconsider *in banc* the "jurisdictional prerequisite" issue as presented in *Holliday v. Ketchum, MacLeod & Grove, Inc.,* 584 F.2d 1221 (Order granting reconsideration *in banc* dated Mar. 13, 1978), one of the pending section 633(b) appeals.

Recognizing that the outcome of the *in banc* proceeding would control the instant case, we postponed decision in this appeal pending this court's decision in *Holliday.*[15] As earlier noted, today we have held, "contrary to our holding in *Goger,* that no prior resort to state agency procedures is required as a precondition to commencing a federal action charging age discrimination under the ADEA." *Holliday v. Ketchum, MacLeod & Grove, Inc.,* at 1221. Our opinion in *Holliday,* then, influenced as it is by the recent Supreme Court decision in *Lorillard v. Pons,* 434 U.S. 575, 98 S.Ct. 866, 55 L.Ed.2d 40 (1978), as well as by "public policy concerns, congressional predilection, and our own unease with a judicial impediment to remedial legislation," 584 F.2d at 1230, overturns the jurisdictional requirement imposed by *Goger* and *Rogers,* and instead now affords complainants under the ADEA an initial choice of forum.[16]

Here the district court, understandably relying upon this court's precedents, entered judgment for Schlitz, the employer, because Smith had failed to commence state proceedings before filing his federal action. Our decision in *Holliday v. Ketchum* rejects such a requirement. That ruling now controls this appeal, making it unnecessary to consider in Smith's case the need for, or possibility of, equitable relief. Thus, in light of *Holliday v. Ketchum,* the order of the district court will be reversed, and the case remanded for proceedings not inconsistent with this opinion.

---

alternative, for summary judgment." Attached to the motion was the affidavit of Frederic W. Decker, Schlitz's Director of Compensation and Benefits. The district court's order of February 18, 1977, dismissed the complaint and granted summary judgment in favor of Schlitz. The preamble to that order recited that defendant's motion had been brought pursuant to Fed.R. Civ.P. 12(b)(1), 12(b)(6), and 56, and that the court had considered affidavits submitted by both parties. As noted, Smith had already submitted an affidavit in opposition to an earlier motion made by Schlitz. *See* n. 4 *supra.* The district court therefore properly treated Schlitz's later motion as one for summary judgment. *See* Fed.R.Civ.P. 12(c).

12. *Holliday v. Ketchum, MacLeod & Grove, Inc.,* No. 77–1867 (3d Cir. filed May 26, 1977).

13. *Marshall v. West Essex General Hosp.,* No. 77–1758 (3d Cir. argued Feb. 14, 1978), *decided on other grounds,* 575 F.2d 1079 (3d Cir. 1978).

14. *Holliday v. Ketchum, MacLeod & Grove Inc.,* 584 F.2d 1221 (3d Cir. 1978) *(in banc)*; *Smith v. Joseph Schlitz Brewing Co.,* 584 F.2d

1231 (3d Cir. 1978); *Marshall v. West Essex General Hosp.,* 575 F.2d 1079 (3d Cir. 1978); *Bonham v. Dresser Indus., Inc.,* 569 F.2d 187 (3d Cir. 1977), *petition for cert. filed,* 46 U.S. L.W. 3695 (U.S. May 1, 1978) (No. 77–1562); *Rogers v. Exxon Research & Engineering Co.,* 550 F.2d 834 (3d Cir. 1977), *cert. denied,* 434 U.S. 1022, 98 S.Ct. 749, 54 L.Ed.2d 770 (1978); *Goger v. H. K. Porter Co., Inc.,* 492 F.2d 13 (3d Cir. 1974).

15. Counsel were notified of this action by the Clerk of this Court.

16. Once a plaintiff has chosen the state route, however, the state must be afforded sixty days to pursue the age discrimination complaint before a federal suit may be filed. 29 U.S.C. § 633(b), *quoted in part in* n. 9 *supra.* After the 60-day period, deference is no longer warranted; indeed, a federal suit filed by the complainant necessarily supersedes the state proceeding, regardless of the status of the latter. 29 U.S.C. § 633(a).