James W. ROGERS,

v.

**ATWORK CORPORATION and Kate Nell.**

Civ. A. No. 94–3156.

United States District Court, E.D. Pennsylvania.

Oct. 12, 1994.

Robert N. Hunn, Bernstein, Silver & Gardner, Philadelphia, PA, for plaintiff.

Gary M. Tocci, Schnader, Harrison, Segal & Lewis, Philadelphia, PA, for defendants.

### *MEMORANDUM*

JOYNER, District Judge.

This Motion for Judgment on the Pleadings is brought by Defendants Atwork Corporation and Kate Nell against Plaintiff, James Rogers. For the reasons that follow, the Motion is DENIED.

In June, 1993, Rogers, a Pennsylvania citizen, applied for a position as a sales consultant with Atwork, a Massachusetts corporation with a branch office in Pennsylvania. Nell, a Massachusetts citizen, is Atwork's Regional Sales Manager. In August, 1993, Nell traveled to Philadelphia to interview Rogers, at which time she allegedly told him that he would not be hired because he was too old. Rogers was 47 at the time.

In October, 1993, Rogers filed a Charge of Age Discrimination with the Equal Employment Opportunity Commission's Philadelphia office (EEOC). The Philadelphia office transferred the charge to the EEOC's Bos-

ton office in December, 1993. That same month, Boston EEOC transmitted the matter to the Massachusetts Commission Against Discrimination (MCAD). Pursuant to a work-sharing agreement with MCAD, the EEOC conducted the initial investigation of Rogers' claim. The present action is brought under the Age Discrimination in Employment Act (ADEA), 29 U.S.C.A. §§ 621–34 (1985).[1]

■ In this Motion, Defendants seek Judgment on the Pleadings under Federal Rule of Civil Procedure 12(c). This rule gives District Courts the power to enter judgment based solely on the pleadings. In order to grant a motion for judgment on the pleadings, it must be apparent that there are no issues of material fact and that only questions of law exist. *Britamco Underwriters, Inc. v. C.J.H., Inc.*, 845 F.Supp. 1090, 1092 (E.D.Pa.1994); *Cardio–Medical Assoc. v. Crozer–Chester Medical Ctr.*, 536 F.Supp. 1065 (E.D.Pa.1982); 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure*, § 1367 at 509–10 (1990). When a party raises matters that could have been raised in a 12(b) motion, a court may treat the motion as if it were a 12(b) motion. So, for example, "if a party raises an issue of subject matter jurisdiction on his motion for a judgment on the pleadings, the court will treat the motion as if it had been brought under Rule 12(b)(1)."[2] Wright & Miller, *supra*, § 1367 at 516.

Defendants assert three separate grounds to support their Motion. First, they assert that Rogers has not fulfilled his jurisdictional prerequisites under the ADEA because he has not filed his claim with the Pennsylvania Human Relations Commission (PHRC), as required under § 633(b) of the ADEA. Second, they assert that this Court does not have personal jurisdiction over Nell. Third, they assert that Nell has no liability under the ADEA in her individual capacity, but only in an official capacity. We address the last two contentions first.

### A. Personal Jurisdiction over Nell

■ There are two types of personal jurisdiction. First is specific jurisdiction, which is based on whether a defendant "purposefully established minimum contacts within the forum state, . . . such that it could reasonably anticipate being haled into court there." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474, 476, 105 S.Ct. 2174, 2183, 2184, 85 L.Ed.2d 528 (1985); (quoting *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980)); *Violanti v. Emery Worldwide A–CF Co.*, 847 F.Supp. 1251, 1255 (M.D.Pa.1994). Second is general jurisdiction, which exists when " 'there are sufficient contacts to justify an assertion of "personal jurisdiction over a defendant in a suit not arising out of or related to the defendant's contacts with the forum" ' " *Violanti*, 847 F.Supp. at 1255 (quoting *Covenant Bank for Sav. v. Cohen*, 806 F.Supp. 52, 55 (D.N.J.1992) (quoting *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414 n. 9, 104 S.Ct. 1868, 1872, 80 L.Ed.2d 404 (1984))).

■ Defendants assert that this Court does not have personal jurisdiction over Nell because she has limited contacts with the forum. It cites *Violanti*, claiming that the case addresses this "exact issue in the context of an age discrimination suit." Defendant's Brief at 7. *Violanti*, however, is inapposite to this case. There, plaintiff did not allege either specific or general jurisdiction. He did not show any contacts of defendants with the forum apart from his receipt of one letter and two telephone calls in Pennsylvania. In contrast, Plaintiff's Complaint alleg-

---

1. Rogers also sued Defendants under an emotional distress theory. Pursuant to a Stipulation dated September 21, 1994, this claim has been dismissed.

2. Differences between a 12(b) motion and a 12(c) motion are that "a Rule 12(b) motion to dismiss is directed solely towards procedural defects or the statement of plaintiff's claim for relief and does not seek to determine the substantive merits of the controversy." A Rule 12(c) motion, in contrast, "theoretically is directed towards a determination of the substantive merits of the controversy; thus, courts are unwilling to grant a judgment under Rule 12(c) unless it is clear that the merits of the controversy can be fairly and fully decided in this summary manner." Wright & Miller, *supra*, § 1369 at 532–33; *Miller v. Indiana Hosp.*, 562 F.Supp. 1259, 1266 (W.D.Pa. 1983).

es that Nell traveled to Philadelphia to interview Rogers and allegedly made the discriminatory statements in Philadelphia. We hold, in these circumstances, that this Court has specific jurisdiction over Nell.

### B. Individual Liability under the ADEA

■ Defendants allege that the claims against Nell must be dismissed because employees or agents of a violating employer cannot be sued in their individual capacity under the ADEA. *Violanti*, 847 F.Supp. at 1256; *Crawford v. West Jersey Health Sys.*, 847 F.Supp. 1232, 1237 (D.N.J.1994).

We note that there is a split among district courts concerning this issue. *Violanti*, 847 F.Supp. at 1256. We do not need to address this split, however, because we find that Nell is not being sued in her individual capacity.

The Complaint does not specifically state that Nell is being sued individually. It refers to her as an agent of Atwork (Complaint ¶¶ 8, 15), and all references to her are within the context of her position as Regional Sales Manager for Atwork. Complaint ¶¶ 17–20, 22–26. Moreover, in Plaintiff's Brief, Rogers argues that Nell is being sued in her official capacity.[3] The Brief states, "the Complaint alleges that defendant Nell was the decisionmaker for Atwork. As such, she was sued in her official capacity as an agent under 29 U.S.C. § 630(b)." Plaintiff's Brief at 17.

We find that Nell is being sued in her official capacity, which all courts recognize is permissible under the ADEA. *Crawford*, 847 F.Supp. at 1236. Accordingly, we do not dismiss the complaint against Nell on this ground.

### C. Statutory Requirements

The ADEA states that a plaintiff may not file a civil action under the ADEA for:

3. This is less than clear, however, due to the fact that Rogers apparently also argues that he could have sued Nell in her individual capacity under the reasoning of other Districts.

4. Rogers' arguments concern whether a plaintiff can initially file their claim with the EEOC instead of the state agency. *EEOC v. Commercial Office Prods.*, 486 U.S. 107, 121–25, 108 S.Ct.

60 days after a charge alleging unlawful discrimination has been filed with the Equal Employment Opportunity Commission. Such a charge shall be filed—* * *

(2) in a case to which section 633(b) of this title applies, within 300 days after the alleged unlawful practice occurred, or within 30 days after receipt by the individual of notice of termination of proceedings under State law, whichever is earlier. 29 U.S.C.A. § 626(d).

§ 633(b) states that in:

the case of an alleged unlawful practice occurring in a State which has a law prohibiting discrimination in employment because of age and establishing or authorizing a State authority to grant or seek relief from such discriminatory practice, *no suit may be brought under section 626 of this title before the expiration of sixty days after proceedings have been commenced under the State law*, unless such proceedings have been earlier terminated. 29 U.S.C. § 633(b).

Pennsylvania has a law that prohibits discrimination, 43 Pa.Stat.Ann. §§ 951–963 (1991), and the PHRC is the authority with power to grant or seek relief for discriminatory practices. 43 Pa.Stat.Ann. § 957. Pennsylvania, as well as many other states known as deferral states, has a work-sharing agreement, whereby the EEOC and Pennsylvania agree to share the workload between them, and not duplicate investigative and prosecutorial functions.

A simple reading of §§ 626 and 633 seems to indicate that Rogers cannot maintain this case because he did not file his claim first with the PHRC and then with the EEOC. This is the argument that Defendants make.[4] In their support, Defendants cite *Sos v. Mack Trucks, Inc.*, No. 90–4824, 1991 WL 64596, 1991 U.S.Dist. LEXIS 5407 (E.D.Pa.

1666, 1674–75, 100 L.Ed.2d 96 (1988); *Trevino–Barton v. Pittsburgh Nat'l Bank*, 919 F.2d 874, 878–79 (3d Cir.1990). These cases do not help Rogers, however, because the issue here is not whether he should have filed his claim with the PHRC before filing with the EEOC, but whether it is fatal to his suit that he never filed a claim with the PHRC.

April 23, 1991).[5] This case is not helpful on this point, however, because the plaintiff in that case never filed an administrative claim with *any* agency, including the EEOC. *Id.* at * 2–3, 1991 U.S.Dist. LEXIS 5407 at *7–*8. Here, Rogers timely filed his claim with the EEOC, which referred the claim to the MCAD, but not the PHRC.

Many courts over the years have held that § 633 is not a jurisdictional prerequisite to suits under the ADEA and can be equitably tolled. *Sos,* at *3, 1991 U.S.Dist. LEXIS 5407 at *8 ("The time limit, however, is not jurisdictional and may be equitably tolled") (citing *Bonham v. Dresser Indus.,* 569 F.2d 187, 192–93 (3d Cir.1977), *cert. denied,* 439 U.S. 821, 99 S.Ct. 87, 58 L.Ed.2d 113 (1978)); *Holliday v. Ketchum, MacLeod & Grove,* 584 F.2d 1221, 1222 (3d Cir.1978) ("we hold that resort to state age discrimination remedies is not a precondition to maintaining a federal suit for age discrimination."); *Goger v. H.K. Porter Co., Inc.,* 492 F.2d 13, 17 (3d Cir.1974) (failure to file with state not "mere 'technical' omission," but equity can cure); *Richardson v. Diagnostic Rehab. Ctr.,* 836 F.Supp. 252, 254 (E.D.Pa.1993) (analogous Title VII section not jurisdictional, can be equitably waived); *Griffin v. First Pa. Bank,* 443 F.Supp. 563, 569 (E.D.Pa.1977) ("we conclude that filing with a state agency is not a jurisdictional prerequisite to a suit under the ADEA and, given the appropriate equitable circumstances and assuming there are no countervailing policies, may be excused."); *Smith v. Jos. Schlitz Brewing Co.,* 584 F.2d 1231 (3d Cir.1978) (failure to commence proceedings in state agency not basis to dismiss suit).

■ Accordingly, we find that failure to file first with the PHRC is not automatically fatal to Rogers' cause of action. We now turn to the equitable considerations presented by this case. Plaintiff filed his claim with the EEOC in Pennsylvania. The EEOC, in turn, transferred the matter to its Boston branch, which transmitted the matter to the MCAD. As a result, although the matter never reached the PHRC, it did reach a state agency, apparently one with jurisdiction over the matter.

Congress's intent in establishing the timing provisions of the ADEA was apparently to give each state "a threshold period of sixty days in which it may attempt to resolve the controversy, normally by voluntary compliance." *Goger,* 492 F.2d at 15; *Smith,* 419 F.Supp. at 774. There are, however, cases in this Circuit where courts have permitted a case to go to trial despite the claim never having been filed with a state agency.[6] *See Colgan v. Fisher Scientific Co.,* 935 F.2d 1407 (3d Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 379, 116 L.Ed.2d 330 (1991) ("for the purposes of the filing issue we should regard the EEOC filing as a Pennsylvania filing."); *Goger,* 492 F.2d at 16; *Sos,* at *3, 1991 U.S.Dist. LEXIS 5407 at *8 (equity could cure non-filing with PHRC); *Griffin,* 443 F.Supp. at 569; *Smith v. Jos. Schlitz Brewing Co.,* 419 F.Supp. 770, 774 (D.N.J. 1976); *cf. Jones v. Baskin, Flaherty, Elliot & Mannino,* 738 F.Supp. 937, 940 (W.D.Pa. 1989) (dismissal appropriate where plaintiff specifically instructed EEOC not to transmit matter to PHRC), *aff'd,* 897 F.2d 522, *cert. denied,* 498 U.S. 811, 111 S.Ct. 47, 112 L.Ed.2d 23 (1990).

This Court finds that this suit should not be dismissed simply because Rogers failed to file a claim with the PHRC. Rogers did file his claim with the EEOC in Pennsylvania, so that if the EEOC had not transferred the matter to Boston on its own initiative, the matter would have been referred to the PHRC pursuant to the work-sharing agreement. Moreover, a state did have the opportunity to resolve the controversy, so that Congress's intent is not completely frustrated. Because of these equitable considerations, we do not dismiss Rogers' claim under the ADEA.

---

5. Defendants also cite a case from Maryland in support of their position, *Holthause v. Dodge,* No. 91–3729, 1992 WL 436734, 1992 U.S.Dist. LEXIS 17243 (D.Md. Nov. 12, 1992). This case is not controlling here, especially where the Third Circuit has spoken to this issue.

6. The more typical case is one in which plaintiff does file with the state agency, but not within the established time limits.

## E. Imperfect Pleading

The Complaint fails to allege the referral of Rogers' claim from the EEOC to the MCAD. Rogers contends in his brief that the matter was so referred, and we so find. The Complaint also alleges erroneously that Nell was an agent of Atwork under 42 U.S.C. § 2000e(b) instead of under 29 U.S.C. § 630(b).

Rogers is ordered to file an Amended Complaint within 10 days hereof that will set forth in the jurisdictional statement an allegation that his claim was referred by the EEOC to the MCAD and that will provide the correct statutory basis for Nell's status as an agent. On the condition that such an amended complaint is timely filed, Defendants' Motion for Judgment on the Pleadings will be denied. Fed.R.Civ.P. 15(d); *Smith*, 419 F.Supp. at 777; 6A Charles A. Wright, Arthur R. Miller & Mary K. Kane, *Federal Practice and Procedure*, § 1505 (1990).