**Robert E. SMITH, Appellant,**

v.

**JOS. SCHLITZ BREWING COMPANY.**

No. 77–1745.

United States Court of Appeals,
Third Circuit.

Submitted under Third Circuit Rule
12(6) July 6, 1979.

Decided July 12, 1979.

Robert E. Smith, pro se.

Garrett E. Brown, Jr., Newark, N. J., Stryker, Tams & Dill, Newark, N. J., of counsel, Rody P. Biggert, Thomas P. Gies, Chicago, Ill., Seyfarth, Shaw, Fairweather & Geraldson, Chicago, Ill., of counsel, for appellee Jos. Schlitz Brewing Co.

Carin Ann Clauss, Sol. of Labor, Donald S. Shire, Associate Sol., Lois G. Williams, Kerry L. Adams, Attys. U. S. Dept. of Labor, Washington, D. C., Francis V. La Ruffa, Regional Sol., New York City, for Secretary of Labor as amicus curiae.

Before SEITZ, Chief Judge, and ROSENN and GARTH, Circuit Judges.

## OPINION ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

### PER CURIAM.

Robert E. Smith brought this action in the district court against his former employer, the Jos. Schlitz Brewing Co.[1] He alleged that his involuntary retirement at age 62 violated the prohibition against age discrimination contained in the Age Discrimination in Employment Act of 1967.[2] Schlitz moved for summary judgment, and

the district court granted that motion on the sole ground that Smith had not complied with section 14(b) of the Act[3] by first commencing proceedings before the New York State Human Rights Division.

On Smith's appeal, we held that section 14(b) does not require prior resort to state age discrimination remedies. *Smith v. Jos. Schlitz Brewing Co.*, 584 F.2d 1231 (3d Cir. 1978); *see Holliday v. Ketchum, MacLeod & Grove, Inc.*, 584 F.2d 1221 (3d Cir. 1978). We therefore reversed the order of the district court and remanded the case for further proceedings. Schlitz filed a petition for certiorari in the Supreme Court.

On May 21, 1979, the Supreme Court, —— U.S. ——, 99 S.Ct. 2819, 61 L.Ed.2d 273, granted Schlitz's petition (No. 78–419) and vacated this court's judgment, remanding the case for further consideration in light of *Oscar Mayer & Co. v. Evans*, —— U.S. ——, 99 S.Ct. 2066, 60 L.Ed.2d 609 (1979). In that case, decided on the same date, the Supreme Court construed section 14(b) as a requirement that "a grievant not bring suit in federal court under § 7(c) of the ADEA until he has first resorted to appropriate state administrative proceedings."[4] Although Evans admitted that he had not commenced proceedings before the appropriate state agency, the Supreme Court held that his complaint should not be dismissed; instead, it remanded the case with instructions that it be held in abeyance until Evans complied with the requirements of section 14(b).[5]

Since the interpretation of section 14(b) which we adopted in *Jos. Schlitz Brewing Co.* and in *Holliday v. Ketchum* has not been accepted by the Supreme Court, our prior judgment in this case must therefore be vacated to the extent that it remanded the case to the district court "for proceedings not inconsistent with this opinion." 584 F.2d at 1234. That portion of the order was predicated upon our holding that prior resort to state proceedings is not required.

---

1. The facts and the procedural history of this case are set out in our prior opinion. *Smith v. Jos. Schlitz Brewing Co.*, 584 F.2d 1231 (3d Cir. 1978).

2. 29 U.S.C. §§ 621 *et seq.*

3. 29 U.S.C. § 633(b)

4. —— U.S. at ——, 99 S.Ct. at 2076.

5. —— U.S. at ——, 99 S.Ct. 2066.

*Oscar Mayer* has now instructed us that it is required. But *Oscar Mayer* also tells us that:

" . . . respondent may yet comply with the requirements of § 14(b) by simply filing a signed complaint with the [New York State Human Rights Division]. The [New York State Human Rights Division] must be given an opportunity to entertain respondent's grievance before his federal litigation can continue. Meanwhile the federal suit should be held in abeyance. If, as respondent fears, his state complaint is subsequently dismissed as untimely, respondent may then return to federal court. But until that happens, or until .60 days have passed without a settlement, respondent must pursue his state remedy."

—— U.S. at ——, 99 S.Ct. at 2076 (footnote omitted).

Therefore our previous order will be modified to provide that Smith's case be remanded to the district court, which is to hold his action in abeyance until Smith has complied with the mandate of section 14(b). *See Oscar Mayer & Co. v. Evans,* —— U.S. ——, ——, 99 S.Ct. 2066, 60 L.Ed.2d 609 (1979).