Lynn DOUGLAS

v.

RED CARPET CORPORATION OF AMERICA and Tom Blades.

Civ. A. No. 80–1582.

United States District Court, E. D. Pennsylvania.

May 14, 1982.

William J. Brennan, Butera, Beausang, Moyer & Cohen, King of Prussia, Pa., for plaintiff.

Marjorie G. Marinoff, Pepper, Hamilton & Scheetz, Philadelphia, Pa., for defendants.

## MEMORANDUM

RAYMOND J. BRODERICK, District Judge.

On April 23, 1980, plaintiff Lynn Douglas ("Douglas") filed with this Court a complaint alleging that she was hired by defendant Red Carpet Corporation of America ("Red Carpet") as a salesperson on June 12, 1978 and dismissed from that position on November 1, 1978 for reasons that discriminated against her on the basis of her gender. In particular, Douglas contends that she was terminated because she rebuffed indirect sexual advances by defendant Tom

* Section 706(c) of the Civil Rights Act of 1964.

Blades ("Blades"), her supervisor and an employee of Red Carpet. Defendants subsequently moved for summary judgment contending that Douglas failed to exercise her state administrative remedies as required by 42 U.S.C. § 2000e–5(c) and that this Court therefore lacked jurisdiction to hear her complaint. The Court has considered the defendants' motion for summary judgment as a motion for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1). For the reasons hereinafter set forth, the Court will deny defendants' motion.

As heretofore noted, Douglas was dismissed from her position as a Red Carpet sales representative on November 1, 1978. On April 27, 1979, she filed a charge with the United States Equal Employment Opportunity Commission (EEOC) alleging that she had been terminated for reasons related to her gender. She filed an amended charge with the EEOC on June 28, 1979. She did not file a complaint with the Pennsylvania Human Relations Commission (PHRC). (Deposition of Lynn Douglas, July 17, 1980, at 72.)

Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5(c) * provides, *inter alia* :

In the case of an alleged unlawful employment practice occurring in a State, or political subdivision of a State, which has a State or local law prohibiting the unlawful employment practice alleged and establishing or authorizing a State or local authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof, no charge may be filed under subsection (b) of this section by the person aggrieved before the expiration of sixty days after proceedings have been commenced under the State or local law, unless such proceedings have been earlier terminated, . . . .

The parties do not dispute that Pennsylvania has a statute which prohibits employment discrimination on the basis of

gender and that Pennsylvania has established the Human Relations Commission to enforce that statute. *See* 43 P.S. § 951 *et seq.* Thus, Pennsylvania is a "deferral state" within the meaning of 42 U.S.C. § 2000e and cases interpreting Title VII. As a normal matter of procedure in deferral states, plaintiffs alleging gender discrimination must resort to state administrative remedies, through the appropriate human relations commission. Douglas did not make such a filing to the PHRC but did file charges with the EEOC on April 22, 1979. On January 18, 1980, the EEOC issued and mailed by certified mail a notification stating that it "found no reasonable cause to believe that [her] allegation is true." The "Determination" letter further stated:

> This concludes the Commission's processing of this charge. Should the Charging Party wish to pursue this matter further, the Party may do so by filing a private action in Federal District Court against the Respondent named above within 90 days following receipt of this letter and by taking the other procedural steps set out in the attached Notice of Right-to-Sue.

On January 23, 1980, the EEOC issued a right-to-sue letter to Douglas, who subsequently filed suit.

EEOC regulations in effect when Douglas filed her complaint provided in relevant part:

> (d) The following procedures shall be followed with respect to cases arising in the jurisdiction of [state agencies in deferral states]

> (1) Where any document, whether or not verified, is received by the Commission as provided in [the regulations] which may constitute a charge cognizable under Title VII, and where the [state] agency has not waived its right to the period of exclusive processing with respect to that document, that document shall be deferred to the appropriate [state] Agency as provided in the procedures set forth below:

> (i) All such documents shall be dated and time stamped upon receipt.

> (ii) A copy of the original document shall be transmitted by registered mail, return receipt requested, to the appropriate State or local agency...

> (iii) The person claiming to be aggrieved and any person filing a charge on behalf of such person shall be notified, in writing, that the document which he or she sent to the Commission has been forwarded to the State or local agency pursuant to the provisions of Section 706(c) [of the Civil Rights Act of 1964].

29 C.F.R. § 1601.13(d) (1978).

In addition, the EEOC and the PHRC adopted on March 22, 1979, a "Worksharing Agreement" in which the two agencies allocated among themselves responsibility for the initial processing of discrimination charges. The Agreement, as it read in 1979, and as it reads today, provides that "the PHRC waives the rights granted it under Section 706(c) and (d) of Title VII to have an exclusive opportunity for 60 days to resolve the charges assigned to EEOC." Worksharing Agreement at 5. Paragraph III(d) of the Agreement provides that the EEOC "will initially process ... all charges first received by the EEOC" (at p. 6) unless such charges are encompassed by paragraph III(c) of the Agreement which sets forth the categories of charges that will be processed initially by the PHRC. Plaintiff Douglas's complaint does not fall within Paragraph III(c) of the Worksharing Agreement. *See* Worksharing Agreement at 5–6.

The uncontroverted affidavit of Sandra Bacote, Regional Director of the Philadelphia Office of the PHRC states that the Commission has "no record of the filing of any charge by Lynn Douglas against the Red Carpet Corporation of America, or the referral of any such charge to the PHRC by the Equal Employment Opportunity Commission." The record clearly indicates that the PHRC has not considered Douglas's complaint against the defendants, but that the EEOC, perhaps in lieu of the PHRC, has completely processed plaintiff's charge.

The defendants contend that submission of gender discrimination charges to the ap-

propriate state agency in deferral states is a jurisdictional prerequisite to bringing suit pursuant to 42 U.S.C. § 2000e. Plaintiff contends that the submission of a discrimination charge is not jurisdictional and that failure to comply with Title VII's deferral procedures is subject to waiver or tolling under the proper equitable circumstances. Recent decisions support plaintiff's characterization of the deferral requirement.

On February 24, 1982, the United States Supreme Court held that

filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling. The structure of Title VII, the congressional policy underlying it, and the reasoning of our cases all lead to this conclusion.

*Zipes, et al. v. Trans World Airlines, Inc.,* —— U.S. ——, ——, 102 S.Ct. 1127, 1129, 71 L.Ed.2d 234 (1982). If the procedure set forth in 42 U.S.C. § 2000e–5(c), requiring filing with the EEOC, is not a jurisdictional prerequisite, logic dictates that timely deferral to appropriate state agencies, also set forth in 42 U.S.C. § 2000e–5(c), cannot be a jurisdictional prerequisite.

The United States Supreme Court has interpreted the administrative remedies provisions of Title VII in accord with those contained in the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 633, and has stated that the construction of the administrative remedies provisions contained in the ADEA, 29 U.S.C. § 621 *et seq.* should follow those contained in Title VII because of the common purpose, language, and legislative history of the statutes. *Oscar Mayer & Co. v. Evans,* 441 U.S. 750, 99 S.Ct. 2066, 60 L.Ed.2d 609 (1979). In *Oscar Mayer,* the Court held that timely filing of discrimination charges with the appropriate state agency was not a jurisdictional prerequisite to bringing suit under the ADEA. 441 U.S. at 753, 99 S.Ct. at 2070. The reasoning of *Oscar Mayer* and *Zipes* therefore compels the conclusion that failure to exercise state remedies is not a jurisdictional bar to this suit.

However, Supreme Court cases have stated that it is mandatory that a plaintiff alleging discrimination bring his or her charge to the appropriate state agency, even if the filing of such charges is untimely. *See Oscar Mayer, supra,* at 753, 99 S.Ct. at 2070; *Love v. Pullman Company,* 404 U.S. 522, 523, 524–25, 92 S.Ct. 616, 617, 617–18, 30 L.Ed.2d 679; *Accord, Olson v. Rembrandt Printing Co.,* 511 F.2d 1228 (8th Cir. 1975). As the Court stated in *Oscar Mayer,* "state agencies must [under the ADEA deferral provisions modeled after those in Title VII] be given at least some opportunity to solve problems of discrimination." 441 U.S. at 757, 99 S.Ct. at 2072.

In *Oscar Mayer,* the Court remanded the case to the appellate court with instructions that the district court should hold the suit in abeyance until the plaintiff had filed a discrimination charge with the appropriate state agency. Said the Court: "[The state human rights] commission must be given an opportunity to entertain respondent's grievance before his federal litigation can continue. Meanwhile the federal suit should be held in abeyance." 441 U.S. at 764, 99 S.Ct. at 2075. This procedure has been followed in the Third Circuit in age discrimination cases. *Smith v. Jos. Schlitz Brewing Company,* 604 F.2d 220, 221 (3d Cir. 1979); *Smith* and *Oscar Mayer* were applied by Judge Stapleton in a Title VII case. *See Cannon v. State of Delaware,* 523 F.Supp. 341 (D.Del.1981).

■ Ordinarily, therefore, this Court would follow the procedure set forth in *Oscar Mayer* and *Smith* by holding this action in abeyance until plaintiff resorts to proceedings before the Pennsylvania Human Relations Commission (PHRC). The action would be held in abeyance until the PHRC rendered a decision on her charge or until 60 days passed since she filed such a charge, whichever came first. As heretofore noted, however, the PHRC and the EEOC have adopted a Worksharing Agreement whereby the EEOC processes those discrimination charges first brought to it unless those charges involve matters within

Paragraph III(c) of the Worksharing Agreement. The EEOC has a form, designated "Form 212", which it uses to notify the appropriate agency in deferral states that the charge will be processed by the EEOC. Douglas's complaint falls within the category of complaints which the PHRC has waived its right to consider pursuant to the terms of the Worksharing Agreement and which is to be processed by the EEOC and not the PHRC. Under these circumstances, where the relevant state agency has, through a Worksharing Agreement negotiated with and entered into by the EEOC, waived its right to first consider the plaintiff's complaint, the state deferral requirement of Title VII, 42 U.S.C. § 2000e–5(c) becomes meaningless. In effect because of the Worksharing Agreement, Pennsylvania is a deferral state only in connection with those charges which are encompassed within Paragraph III(c) of the Worksharing Agreement. Title VII's deferral requirement was intended by Congress to give deferral states the opportunity to settle discrimination complaints in a "voluntary and localized manner." *Oscar Mayer, supra*, 441 U.S. at 755, 99 S.Ct. at 2071. Title VII does not prohibit the states from waiving the procedure for resort to state remedies. Therefore, the abeyance procedure set forth in *Oscar Mayer* and *Smith* would accomplish nothing more than having the plaintiff report back to this Court at a later date that the PHRC, by virtue of its Agreement with the EEOC, does not desire or intend to process complaints such as the plaintiff's complaint in this case. An appropriate Order denying defendants' motion to dismiss for lack of subject matter jurisdiction will be accordingly entered.