**Ronald A. MILLER, Plaintiff,**

v.

**STATE CHEMICAL MANUFACTURING COMPANY, a corporation, Defendant.**

**Civ. A. No. 86–2312.**

United States District Court, W.D. Pennsylvania.

Dec. 7, 1988.

Robert X. Medonis, Pittsburgh, Pa., for plaintiff.

John A. Robb, Jr., Pittsburgh, Pa., Eldred A. Gentry, Cleveland, Ohio, for defendant.

## MEMORANDUM OPINION

BLOCH, District Judge.

Plaintiff Ronald A. Miller brought this action against his former employer, State Chemical Manufacturing Company, alleging that he was discharged from his territorial manager position in violation of the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 621, *et seq.* Defendant moves for summary judgment on the following grounds: plaintiff failed to satisfy the ADEA's requirement that he first file a claim with the appropriate state agency before bringing a civil action in federal court, plaintiff failed to file claims with the Equal Employment Opportunity Commission (EEOC) and this Court on a

timely basis, plaintiff has not made a prima facie showing of age discrimination, plaintiff's termination was based on a reasonable factor other than age, the Pennsylvania Human Relations Act (PHRA), 43 Pa.S. A. § 951, *et seq.*, precludes plaintiff's state common law tort claim, and plaintiff has failed to state a cause of action for negligent and intentional infliction of emotional distress. Defendant also seeks attorney's fees. For the reasons stated below, the Court grants defendant's motion for summary judgment with respect to the negligent and intentional infliction of emotional distress claims, but denies the motion as to the remaining claims. Defendant's request for attorney's fees is denied.

Plaintiff began working for the State Chemical Manufacturing Company on November 30, 1981, when he was 48 years old. He was injured during an on-the-job automobile accident on April 30, 1984. On July 27, 1984, while home recuperating from his accident, plaintiff received written notice of termination, allegedly due to his inability to work. At the time of discharge, he was advised that he was "too old for the job" and "could not do the work." Plaintiff applied for and did receive worker's compensation benefits.

Plaintiff alleges that in May, 1986, Edsel Burkholder, his former supervisor, advised him that he had been discharged because of his age. In June, 1986, plaintiff filed an age discrimination claim with the Equal Employment Opportunity Commission (EEOC). He filed the present civil action on October 30, 1986.

## I. *Summary judgment*

A trial court may enter summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The substantive law will determine which facts are material. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed. 2d 202 (1986).

The burden is on the moving party to demonstrate that the evidence creates no genuine issue of material fact regardless of which party would have the burden of proof at trial. *Chipolloni v. Spencer Gifts, Inc.*, 814 F.2d 893, 896 (3d Cir.) (en banc), *cert. dismissed,* —— U.S. ——, 108 S.Ct. 26, 97 L.Ed.2d 815 (1987). If, however, the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing that the non-moving party has failed to provide evidence sufficient to establish the existence of an element essential to that party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The Court must view the facts and the evidence in the light most favorable to the non-moving party. *Tigg Corp. v. Dow Corning Corp.*, 822 F.2d 358, 361 (3d Cir.1987).

## II. *ADEA's filing requirements*

The ADEA has two filing requirements which a private litigant must satisfy before bringing a civil action in federal court. The first one mandates that in states such as Pennsylvania, which have laws prohibiting age discrimination and have established an agency to enforce those laws, the individual first file an age discrimination claim with the appropriate state agency. *Oscar Mayer & Co. v. Evans*, 441 U.S. 750, 753, 99 S.Ct. 2066, 2070, 60 L.Ed.2d 609 (1979). In Pennsylvania, the Pennsylvania Human Relations Commission (PHRC) is the appropriate state agency. The second requirement is that in "deferral states" such as Pennsylvania, an individual must file an age discrimination claim with the EEOC within 300 days of the alleged unlawful practice. 29 U.S.C. § 626(d)(2). *See* 29 U.S.C. § 633(b). The PHRC and EEOC claims may be filed simultaneously as long as they are filed not less than 60 days before commencing suit in federal court. 29 U.S.C. § 626.

The reason for the first filing requirement is to give the state agency an opportunity to address the discrimination and to avoid federal intervention unless necessary. *See Mohasco Corp. v. Silver*, 447

U.S. 807, 821, 100 S.Ct. 2486, 2494, 65 L.Ed. 2d 532 (1980) (referring to the parallel and similarly interpreted deferral provision in Title VII). Congress intended, by the second filing requirement, to have the EEOC first attempt to resolve allegations of discrimination by informal methods. 29 U.S. C. § 626(d)(2); *Seredinski v. Clifton Precision Products Co.,* 776 F.2d 56, 63 (3d Cir.1985).

Defendant State Chemical Manufacturing Company contends that plaintiff Miller has failed to satisfy either of the two filing requirements. Specifically, defendant alleges that plaintiff never filed an age discrimination claim with the PHRC and filed a claim with the EEOC substantially beyond 300 days after the alleged unlawful conduct occurred.

### A. Failure to file a claim with the PHRC

▉ Plaintiff Miller admits that he did not personally file an age discrimination claim with the PHRC. He argues, however, that he should not be penalized for the EEOC's failure to refer his claim to the PHRC as it was required to do by its own regulation, 29 C.F.R. § 1601.13. It is true that when a claimant files initially with the EEOC rather than the state agency, § 1601.13 requires the EEOC to refer the charges to the state agency.

The EEOC's failure to refer plaintiff Miller's claim to the PHRC is not necessarily fatal to his civil action.[1] If the case were to go to trial, plaintiff would have the opportunity to cure any failure on the part of the EEOC by first forwarding a copy of the complaint to the PHRC. *Oscar Mayer & Co. v. Evans,* 441 U.S. 750, 765, 99 S.Ct. 2066, 2076, 60 L.Ed.2d 609 (1979) (civil action held in abeyance until plaintiff filed a claim with the state agency and gave that agency 60 days to act or terminate the claim); *Sharpe v. Philadelphia Housing Authority,* 693 F.2d 24, 26 n. 3 (3d Cir. 1982); *Smith v. Jos. Schlitz Brewing Co.,* 604 F.2d 220, 221 (3d Cir.1979).

### B. Failure to file a timely claim with the EEOC

Plaintiff Miller also admits that his filing with the EEOC exceeded the 300–day period. He argues, however, that this Court should apply the doctrine of equitable tolling because the defendant failed to post notice of plaintiff's rights under the ADEA as required under 29 U.S.C. § 627 and because plaintiff only learned in May, 1986 that his age had been a factor in his discharge. It is true that the EEOC filing requirement may be subject to equitable tolling. *Bonham v. Dresser Industries, Inc.,* 569 F.2d 187, 192 (3d Cir.1977), *cert. denied,* 439 U.S. 821, 99 S.Ct. 87, 58 L.Ed. 2d 113 (1978); *Butz v. Hertz Corp.,* 554 F.Supp. 1178, 1180–81 (W.D.Pa.1983). Plaintiff has the burden of establishing the facts necessary to justify equitable tolling. *Byers v. Follmer Trucking Co.,* 763 F.2d 599, 600 (3d Cir.1985).

▉ Plaintiff asserts that posters notifying employees of their rights under the ADEA were not posted in the three locations that salesmen frequented and were likely to see the notices. Plaintiff also asserts that defendant did not inform him of his rights upon termination. Defendant asserts that a notice has been posted in the entrance lobby to its corporate headquarters since 1980.

Title 29 U.S.C. § 627 provides:

Every employer ... shall post and keep posted in conspicuous places upon its premises a notice to be prepared by the Equal Employment Opportunity Commission setting forth information as the Commission deems appropriate to effectuate the purposes of this chapter.

Failure to post the required notice will toll the running of the 300–day period and, presumably, the 2–year statute of limitations, at least until such time as the plaintiff seeks out an attorney or acquires actual notice of his rights under the ADEA. *Bonham,* 569 F.2d at 193. Whether the employer posted any posters in "conspic-

---

1. Plaintiff would not be given a chance to file a claim with the PHRC if the Court were to determine that the civil action was barred by the two-year statute of limitations. *See Seredinski v. Clifton Precision Products Co.,* 776 F.2d 56, 63 n. 10 (3d Cir.1985); 29 U.S.C. §§ 626(e) and 255.

uous places" and when plaintiff acquired actual notice of his rights under the ADEA are questions of fact that would have to be determined by this Court at the time of trial. *Id.*

Plaintiff's other argument, that he did not learn that age was a factor in his termination until May, 1986, is insufficient to toll the statute of limitations. It is well established that the 300–day period begins to run where unequivocal notice of termination and the employee's last day of work coincide. *Bonham*, 569 F.2d at 191; *Nogar v. Henry F. Teichmann, Inc.*, 640 F.Supp. 365, 369 (W.D.Pa.1985), *aff'd.*, 800 F.2d 1137 (3d Cir.1986). Plaintiff has not cited any cases standing for the proposition that newly discovered evidence will toll the filing period.

### III. Prima facie showing of age discrimination under the ADEA claim

Employees alleging discrimination under the ADEA bear the burden of making out a prima facie case of discrimination. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed. 2d 668 (1973); *see also Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 252–53, 101 S.Ct. 1089, 1093–94, 67 L.Ed.2d 207 (1981) (refining *McDonnell Douglas*). If the employee succeeds in making out the prima facie case, a presumption of discrimination arises and the burden shifts to the employer "to articulate some legitimate, non-discriminatory reason for the employee's rejection." *McDonnell Douglas*, 411 U.S. at 802, 93 S.Ct. at 1824. If the employer carries its burden, the presumption of discrimination drops from the case and the employee then has an opportunity to prove that the employer's articulated reason is pretextual. *Burdine*, 450 U.S. at 253, 101 S.Ct. at 1093. The ultimate burden of persuasion that the employer intentionally discriminated against the employee remains at all times with the plaintiff. *Id.*

The State Chemical Manufacturing Company contends that plaintiff Miller failed to make out his prima facie case. In the absence of direct evidence, a terminated employee may establish a prima facie case of discrimination by proving by a preponderance of the evidence that (1) he belongs to a protected class; (2) he was qualified for the position; (3) he was terminated despite being qualified; and (4) he was replaced by a younger person. *Chipollini v. Spencer Gifts, Inc.*, 814 F.2d 893, 897 (3d Cir.) (en banc), *cert. dismissed,* — U.S. ——, 108 S.Ct. 26, 97 L.Ed.2d 815 (1987).

First, defendant contends that plaintiff Miller has not established the second element of his prima facie case—that he was qualified for the position from which he was terminated. State Chemical asserts that after the accident, plaintiff was permanently disabled. The parties agree that plaintiff has been unable to perform his duties since the accident. The Court agrees with the defendant that plaintiff has not sufficiently alleged this element of his prima facie case since the pleadings indicate that he has been totally disabled for more than three years.

Second, defendant contends that plaintiff has not established that younger employees were treated more favorably than he was. Plaintiff stated in his sworn affidavit that he was replaced by a 23–year old man. Plaintiff has established this element of his prima facie case.

■ Although plaintiff has not alleged one of the four elements of his prima facie case, the *McDonnell Douglas* test, as modified by *Burdine*, does not apply where a plaintiff provides direct evidence that age was a determinative factor in his employer's decision to discharge him. *Chipollini*, 814 F.2d at 897. Plaintiff Miller has provided such direct evidence. He stated in a sworn affidavit:

Al Malz discharged me on July 27, 1984. He took my materials and said "I could not do the work; I was too old for the job."

Since plaintiff has provided direct evidence that his employer acted with discriminatory motivation, there are no presumptions or shifting burdens. *Gavalik v. Continental Can Co.*, 812 F.2d 834, 853 (3d Cir.1987). Rather, the Court need only determine

whether there exists any disputed issue of material fact. *See id.*

■ Plaintiff bears the burden of showing that age was a determinative factor in State Chemical's termination decision. *Chipollini*, 814 F.2d at 897. He need not show that age was State Chemical's sole or exclusive consideration, but only that age made a difference in the decision. *Id.* Defendant State Chemical contends that it discharged plaintiff because he was totally disabled. While that may be true, the statement made to plaintiff at the time of discharge suggests that defendant's decision to terminate Miller may also have been motivated by age discrimination. Whether age was a determinative factor in defendant's discharge decision remains a question for the trier of fact. Defendant's motion for summary judgment on this basis is, therefore, denied.

### IV. Termination based on reasonable factor other than age

■ Defendant contends that plaintiff Miller was terminated in accordance with 29 U.S.C. § 623(f)(1) which provides that an employee in the protected class may be terminated for a reasonable factor other than age. Whether defendant discharged plaintiff Miller because of his age or for some reasonable factor other than age is a question of fact to be decided at the time of trial and not by motion for summary judgment.

### V. Common law tort claim

Defendant contends that plaintiff's common law tort claim is precluded by the PHRA. Plaintiff has not alleged in his complaint a common law tort claim for discrimination. Therefore, defendant's motion for summary judgment as to the common law tort claim is denied.

### VI. Negligent and intentional infliction of emotional distress claims

Finally, defendant contends that plaintiff has failed to state a cause of action for either his negligent or his intentional infliction of emotional distress claims. Since these are state tort claims, the substantive law of Pennsylvania applies. *Cox v. Keystone Carbon Co.*, 861 F.2d 390, 395 (3d Cir.1988). The Court of Appeals for the Third Circuit has determined that, under Pennsylvania law, intentional infliction of emotional distress is composed of four elements: (1) the conduct must be extreme and outrageous; (2) the conduct must be intentional or reckless; (3) it must cause emotional distress; and (4) the distress must be severe. *Chuy v. Philadelphia Eagle's Football Club*, 595 F.2d 1265, 1273 (3d Cir.1979); Restatement (Second) of Torts, § 46(1).[2] Comment d to § 46 of the Restatement states that liability may be imposed "only where the conduct has been outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community."

■ The Court must determine, as a matter of law, whether there is sufficient evidence for reasonable persons to find extreme or outrageous conduct. *Cox*, at 395; Restatement (Second) of Torts, § 46, comment h. Plaintiff alleges only that his employer fired him because he was too old to perform his duties. He concludes that these actions amount to conduct which is outrageous and shocking to the conscience. Accepting that allegation as true, the Court finds that plaintiff has failed to satisfy this threshold evidentiary requirement. While acknowleding that the loss of employment causes hardships, sometimes severe, courts generally agree that termination is a common event and not one in which the conduct often rises to the level of outrageousness necessary to satisfy the first element of the tort. *See, e.g., Cox*, at 395–396; *Brieck*, 624 F.Supp. at 367; *Rinehimer v. Luzerne County Community College*, 372 Pa.Super. 480, 539 A.2d 1298, 1305 (1988).

---

**2.** To the extent that Pennsylvania recognizes the negligent infliction of emotional distress tort, the elements parallel those of the intentional infliction of emotional distress claim except for the scienter element. *See Brieck v. Harbison-Walker Refractories*, 624 F.Supp. 363, 367 (W.D. Pa.1985), *aff'd. in relevant part*, 822 F.2d 52 (3d Cir.1987).

Further, nowhere does plaintiff allege that defendant's conduct caused him severe emotional distress. Plaintiff has failed to plead sufficiently two of the four elements of the emotional distress claims. Therefore, the Court grants defendant's motion for summary judgment as to the negligent and intentional infliction of emotional distress claims.

### VII. Attorney's fees

Defendant seeks to recover attorney's fees and costs as the prevailing party in this action. Defendant acknowledges that the ADEA allows only prevailing plaintiffs to recover fees and costs. *See* 29 U.S.C. § 626(b). Defendant argues, however, that it is entitled to fees and costs because plaintiff filed this suit in bad faith. Two circuits have held that courts, in their discretion, may allow an award of attorney's fees to prevailing employers in age discrimination cases where the suits have been maintained in bad faith. *Morgan v. Union Metal Manufacturing*, 757 F.2d 792, 796 (6th Cir.1985); *Coca v. Coca Cola Bottling Co. of St. Louis*, 574 F.2d 958, 962 (8th Cir.1978).

Defendant contends that plaintiff filed this suit in bad faith because he cannot establish two elements of his prima facie case—that he was physically qualified to work at his job and that defendant's younger employees were treated more favorably. The Court agrees that plaintiff Miller has not made a prima facie showing of age discrimination. However, as we have stated earlier, plaintiff Miller has provided direct evidence that age was a determinative factor in his termination. He, therefore, was not required to show that he was qualified for the position from which he was terminated.

■ Because there is no evidence that plaintiff brought this action in bad faith and because defendant is not the prevailing party as to this motion, defendant's request for attorney's fees is denied.

An appropriate Order will be issued.

## ORDER

AND NOW, this 7th day of December, 1988, upon consideration of Defendant's Motion for Summary Judgment filed in the above captioned matter on May 27, 1987,

IT IS HEREBY ORDERED that said Motion is GRANTED in part and DENIED in part, to wit:

1. Said Motion is GRANTED, with respect to the negligent and intentional infliction of emotional distress claims;

2. Said Motion is DENIED, in all other respects.