EQUAL EMPLOYMENT OPPORTUNI-
TY COMMISSION, Plaintiff,

v.

METAL SERVICE COMPANY,
INC., Defendant.

Civ. A. No. 87–1817.

United States District Court,
W.D. Pennsylvania.

Jan. 6, 1989.

David M. O'Boyle, Pittsburgh, Pa., for defendant.

Cynthia A. Lock, E.E.O.C., Philadelphia Dist. Office, Philadelphia, Pa., for plaintiff.

### MEMORANDUM AND ORDER

McCUNE, Senior District Judge.

We consider a motion for summary judgment filed by defendant, Metal Service Company, Inc. (Metal Service). This action was instituted pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e *et seq.*, (Title VII).

### Background

On January 24, 1986, both Willie Brown, Jr. and Steven C. Brown filed charges of race discrimination with the Equal Employment Opportunity Commission (EEOC) alleging that Metal Service engaged in discriminatory hiring practices when it failed to hire them due to their race in violation of Title VII. On or about January 29, 1986, the EEOC sent copies of the charges along with the charge transmittal forms to the Pennsylvania Human Relations Commission (PHRC). The PHRC returned the charge transmittal forms to the EEOC and indicated that the PHRC intended to "dismiss/close/not docket" the charges because the work-sharing agreement between the EEOC and PHRC provided that the EEOC would process all charges originally filed with it and, in those instances, the PHRC would waive its exclusive jurisdiction under Section 706(c) and (d) of Title VII. The EEOC took jurisdiction over the charges from the date that it received them, and the EEOC is the only administrative agency which has been involved in handling the charges.

The basis of the charges is that defendant hired a caucasian in June, 1984 and May–June, 1985, despite several applications made by complainants, and that complainants were never called for an interview for those positions even though they were qualified. The parties agree that the EEOC received the charges of the complainants on the 218th day and 219th day, respectively, after the alleged discrimination occurred. The central issue now before the court is whether the charges were filed within the time period set forth in Title VII such that the case can proceed to trial on the merits.

### Discussion

When deciding a motion for summary judgment, we view the evidence in the light most favorable to the non-moving party. *Lang v. New York Life Ins. Co.*, 721 F.2d 118, 119 (3d Cir.1983). Doing so, we accept as true the allegations of the non-movant and resolve any conflicts in his favor. *Gans v. Mundy*, 762 F.2d 338, 340 (3d Cir.), *cert. denied*, 474 U.S. 1010, 106 S.Ct. 537, 88 L.Ed.2d 467 (1985). Federal Rule of Civil Procedure 56(c) provides that summary judgment is appropriate when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. In the instant action, we must decide whether, under Title VII, the 180 day statute of limitations or the 300 day statute of limitations is appropriate. If we apply the 180 day limitation period, this action is time barred. For the reasons stated herein, we will apply the 300 day limitation-period and deny defendant's summary judgment motion.

Sections 706(e) and 706(c) of Title VII [1] set forth the time limitations for filing a discrimination charge. The provisions provide:

Section 706(e). *Time for filing charges.* A charge under this section shall be filed within one hundred eighty days after the alleged unlawful employment practice occurred and notice of the charge (including the date, place and circumstances of the alleged unlawful employment practice) shall be served upon the person against whom such charge is made within ten days thereafter, except that in a case of an unlawful employment practice with respect to which the person aggrieved has initially instituted proceedings with a State or local agency with authori-

1. 42 U.S.C. § 2000e–5(e) and 42 U.S.C. § 2000e–5(c).

ty to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof, such charge shall be filed by or on behalf of the person aggrieved within three hundred days after the alleged unlawful employment practice occurred, or within thirty days after receiving notice that the State or local agency has terminated the proceedings under the State or local law, whichever is earlier, and a copy of such charge shall be filed by the Commission with the State or local agency.

Section 706(c). *State or local Proceedings.* In the case of an alleged unlawful employment practice occurring in a State, or political subdivision of a State, which has a State or local law prohibiting the unlawful employment practice alleged and establishing or authorizing a state or local authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof, no charge may be filed under subsection (a)[b] by the person aggrieved before the expiration of sixty days after proceedings have been commenced under the State or local law, unless such proceedings have been earlier terminated, provided that such sixty day period shall be extended to one hundred and twenty days during the first year after the effective date of such State or local law....

The general rule is that a Title VII charge is timely if filed with the EEOC within 180 days of the alleged discriminatory act. The exception to the general rule is that an extended 300 day limitations period may be applied if the alleged discriminatory act occurred in a State that has an agency that can provide a remedy for such discrimination (deferral State), and the complainant initially instituted proceedings with that State agency. *EEOC v. Commercial Office Products Co.*, 486 U.S. ——, 108 S.Ct. 1666, 100 L.Ed.2d 96 (1988). Section 706(c) of Title VII, 42 U.S.C. § 2000e–5(c), provides that unless the State agency's proceedings have been "earlier terminated," a complainant can not file a charge with the EEOC until 60 days have elapsed from the initial filing of the charge with the State agency.

In the instant action, the parties agree that the charges were filed with the EEOC on the 218th and 219th days, respectively, for both complainants. We must determine if their charges fall into the category wherein we must apply the 300 day limitation period. Our inquiry is threefold: First, we must determine whether Pennsylvania is a deferral State; Secondly, we must determine whether the complainants "initially instituted" proceedings with the State agency charged with providing remedies for employment discrimination under Section 706 of Title VII (706 agency). Finally, if Pennsylvania is a deferral state, and we find that complainants "initially instituted" proceedings with the Pennsylvania 706 agency, we must determine whether the proceedings were "earlier terminated" before the EEOC officially processed the charge.

■ Pennsylvania has a statute which prohibits employment discrimination on the basis of race, and Pennsylvania has established the PHRC to enforce that statute. *See* 43 P.S. § 951 *et seq.; Seredinski v. Clifton Precision Products Co.*, 776 F.2d 56 (3d Cir.1985); *Douglas v. Red Carpet Corp. of America*, 538 F.Supp. 1135 (E.D. Pa.1982). Defendant argues that Pennsylvania is a non-deferral state, and thus, the 180 day limitation period applies. There is absolutely no merit to this contention. Defendant even states in its brief that a State which has an agency that can provide a remedy for unlawful employment discrimination is a deferral State. Defendant has not argued that the PHRC is not such an agency. On the contrary, defendant concedes that it is. (See Brief in Support of Defendant's Motion for Summary Judgment at p. 10.). Therefore, we conclude that the discriminatory acts complained of here occurred in a deferral state.

■ Next, we must determine whether or not complainants "initially instituted" proceedings with the PHRC. If a charge of discriminatory hiring practices is initially filed by a complainant with the EEOC, and

the EEOC refers the charge to the 706 agency, then the proceedings are "initially instituted" with the 706 agency for Title VII purposes. *Love v. Pullman Co.*, 404 U.S. 522, 525–526, 92 S.Ct. 616, 618, 30 L.Ed.2d 679 (1972). In light of the 60 day deferral period, charges must be filed with the 706 agency, or the EEOC must refer the charges to that agency, within 240 days of the discriminatory act to ensure that the charge can be filed within the 300 day limit. *Commercial Office Products, Co., citing, Mohasco Corp. v. Silver*, 447 U.S. 807, 814, n. 16, 100 S.Ct. 2486, 2491, n. 16, 65 L.Ed.2d 532 (1980).

■ Defendant argues that the ministerial actions of the EEOC in sending a copy of the charge to the PHRC, as well as the PHRC's actions in stamping the charge as received and sending it back to the EEOC, do not meet the requirements of Section 706 of initially instituting proceedings with a 706 agency. In this case, complainants filed their discrimination charges directly with the EEOC and not the PHRC. The EEOC then filled out the standard charge transmittal form for each charge and sent them to the PHRC. The top portions of the forms read: "Pursuant to the work-sharing agreement, this charge is to be initially processed by the EEOC." The bottom portion of the forms was filled out by the PHRC. A box was checked which read:

> This will acknowledge receipt of the referenced charge and indicate this Agency's intention to dismiss/close/not docket the charge for the following reason: Work Sharing Agreement.

The Work–Sharing Agreement between the EEOC and PHRC provided that the EEOC would initially process all charges initially received by the EEOC, including charges filed under Title VII. Defendant referred us to *Dixon v. Westinghouse Electric Corp.*, 787 F.2d 943 (4th Cir.1986) for the holding in that case that a transmittal of a charge by the EEOC to the 706 agency was for informational purposes and did not constitute an "initially instituted" charge within the meaning of Title VII. Although this holding is on point, the United States Su-

preme Court vacated the judgment at —— U.S. ——, 108 S.Ct. 1990, 100 L.Ed.2d 222 (1988) for further consideration in light of the *Commercial Office Products, Co.*, decision. Thus, we hold that the EEOC's routine transmittal of a copy of the complaint to the PHRC fulfills the requirement that aggrieved parties must initially institute proceedings with the 706 agency in order to qualify for the extended 300 day limitations period. To require more of State agencies would "merely impose a meaningless bureaucratic ritual" on them. *Urrutia v. Valero Energy Corp.*, 841 F.2d 123 (5th Cir.1988).

■ We conclude that complainants have met the criterion needed to extend the limitations period from 180 days to 300 days. We now must determine what the effect is, if any, of the requirement that a complainant can not file a charge with the EEOC until 60 days have elapsed from the initial filing of the charge with the 706 agency. Our Court of Appeals has stated:

> ... where state proceedings are commenced by the EEOC sending notice to the state agency upon its receipt of a Title VII charge, as is the case in deferral states, [citations omitted] *the 300 day limitation period is effectively cut to 240 days, because the Title VII charge—though it has been received by EEOC—may not be deemed "filed" until sixty days later.* [Citations omitted] (emphasis added). *Seredinski*, at 61.

This rule, known as the 240 day Rule, requires charges in deferral States to be filed within 240 days of the alleged discriminatory acts. The real issue with regard to this rule occurs when charges are filed between 240 and 300 days after the discrimination. This issue is not currently before us because both parties concede that the charges were filed with the EEOC on the 218th and 219th days. Thus, even if we added 60 days to the 219th day, the charges would have still been filed well within the 300 day limitations period. We therefore need not analyze the effect of the PHRC's waiver of this 60 day deferral period.

We reject defendant's other arguments that the work-sharing agreement is not valid and refer defendants to the leading authority with respect to this area, *Commercial Office Products, Co., supra.* Accordingly defendant's motion for summary judgment is denied.