Jerome GELOVER

v.

**LOCKHEED MARTIN.**

Civil Action No. 95–7430.

United States District Court,
E.D. Pennsylvania.

April 22, 1997.

Robin J. Gray, Haddonfield, NJ, for Plaintiff.

Andrew G. McCabe, Anthony J. Cincotta, Robert H. Bernstein, Epstein, Becker and Green, P.C., Newark, NJ, for Defendant.

## ORDER AND MEMORANDUM

DuBOIS, District Judge.

**AND NOW,** to wit, this 22nd day of April, upon consideration of the Motion of defendant, Lockheed Martin, for Summary Judgment (Document No. 14, filed February 20, 1997), the Response of Plaintiff, Jerome Gelover, to Defendant's Motion for Summary Judgment (Document No. 15, March 7, 1997), and Defendant's Brief in Further Support of Its Motion for Summary Judgment and in Reply to Plaintiff's opposition Brief (Document No. 16, March 24, 1997), **IT IS ORDERED** that the Motion of defendant, Lockheed Martin, for Summary Judgment is **GRANTED WITH RESPECT TO COUNT II** by agreement of the parties and **DENIED WITH RESPECT TO COUNT I.**

The Court's ruling on the Motion for Summary Judgment is based on the following:

1. *Standard for Summary Judgment:* "[I]f the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law[,]" summary judgment shall be granted. Fed.R.Civ.P. 56(c); *see Celotex Corp. v. Catrett,* 477 U.S. 317, 322–24, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The Supreme Court has explained that Rule 56(c) requires "the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc,* 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). Therefore, "a motion for summary judgment must be granted unless the party opposing the motion can adduce evidence which, could be the basis for a jury finding in that party's favor." *J.E. Mamiye & Sons, Inc. v. Fidelity Bank,* 813 F.2d 610,, 618 (3d Cir., 1987) (citing *Anderson and Celotex Corp.).*

In considering a motion for summary judgment, the evidence must be considered in, the light most favorable to the non-moving party. *Adickes v. S.H. Kress and Co.* 398 U.S. 144, 159, 90 S.Ct. 1598, 1609, 26 L.Ed.2d 142 (1970) (quoting *United States v. Diebold,* 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962)). However, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). Therefore, "[i]f the evidence [offered by the non-moving party] is merely colorable or is not significantly probative, Summary judgment may be granted." *Anderson,* 477 U.S. at 249–50, 106 S.Ct. at 2511 (citations omitted). On the other hand, if reasonable minds can differ as to the import of proffered evidence that speaks to an issue of material fact, summary judgment should not be granted.

2. *Count I* : Plaintiff alleges in Count I of the Complaint that defendant violated the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq..* Defendant argues its Motion that this Court lacks subject matter jurisdiction over that claim. Defendant further argues that, assuming *arguendo* that this Court has subject matter jurisdiction plaintiff has failed to establish a *prima facie* case, and, in the alternative, has failed to set forth evidence sufficient for a reasonable fact finder to conclude that defendant's legitimate business reasons for plaintiff's firing were pre-textual.

a. *Subject Matter Jurisdiction/ADEA Claim:* Defendant's lack of subject matter jurisdiction claim is based on the fact that plaintiff filed suit less than sixty (60) days after filing his Equal Employment Opportunity Commission; ("EEOC"), age discrimination charge. In response, plaintiff argues that because the EEOC issued a Notice of Charge of Discrimination to the Defendant on March 29, 1996, more than sixty (60) days after the filing of plaintiff's charge, the EEOC "concluded its investigation" and therefore plaintiff's suit should be allowed to continue. Plaintiff's Response to Defendant's Motion for Summary Judgment ("Plaintiff's Response"), at 5 and Exhibit I. For the following reasons; the Court concludes (1) that it has subject matter jurisdiction over the ADEA claim asserted in Count

I and (2) that it must stay the case for fifty-seven days (57) days so as to give the EEOC the statutorily mandated sixty (60) days within which to conduct an investigation.

The ADEA provides, *inter alia*, that "[n]o civil action may be commenced by an individual under this section until 60 days after a charge alleging unlawful discrimination has been filed with the Equal Employment Opportunity Commission." 29 U.S.C. § 626(d). The Third Circuit, has not addressed the proper remedy for a violation of § 626(d). However, that Court has held that a lawsuit should be stayed pending a plaintiff's compliance with 29 U.S.C. § 633(b), a similar provision which requires-an ADEA plaintiff to delay his federal lawsuit sixty (60) days after commencing proceedings under a state law that protects employees from age discrimination. *Smith v. Jos. Schlitz Brewing Co.*, 604 F.2d 220 (3d Cir.1979). Moreover, the Second Circuit, in addressing the expiration of the sixty (60) day waiting period set forth in § 626(d) should be stayed pending the expiration of that waiting period. *Dalessandro v. Monk*, 864 F.2d 6, 9 (2d Cir.1988). Both *Smith* and *Dalessandro* are based, upon *Oscar Mayer & Co. v. Evans*, 441 U.S. 750, 765 n. 13, 99 S.Ct. 2066, 2076 n. 13, 60 L.Ed.2d 609 (1979), in which the Supreme Court held that the proper remedy for a violation of § 633(b) is not dismissal, but rather the granting of a stay pending compliance with that section *See Strange v. Nationwide Mutual Insurance Co.*, 867 F.Supp. 1209, 1213 (E.D.Pa.1994). In *Strange*, confronted with an ADEA lawsuit filed sixteen (16) days after the plaintiff there had filed an age discrimination charge in violation of § 626(d), the District Court applied Dalessandro and stayed proceedings for 43 days. *Id.* Having considered *Evans, Smith, Dalessandro*, and *Strange*, this Court comes to the same conclusion.

It is undisputed that plaintiff filed his EEOC charge on November 26, 1995. The instant case was filed in this Court on November 28, 1995. Although plaintiff argues that the EEOC has already had more than sixty (60) days in which to process plaintiff's charge, as evidenced by its sending defendant a Notice of Charge of Discrimination

more than sixty (60) days after plaintiff filed his charge with the EEOC, the Court cannot determine from the record, whether the plaintiff's filing of the instant lawsuit affected the EEOC's investigation of his charge. Therefore, in order to ensure that the EEOC has sixty (60) days to consider and investigate plaintiff's charge, the court will stay the instant case for (57) days, the amount of the waiting period that had not expired when plaintiff filed the instant lawsuit.

■ b. *Prima Facie Case/ADEA Claim:* Defendant argues that plaintiff has failed to establish a *prima facie* case of a violation of the ADEA. As has been noted by the Third Circuit, it is difficult for defendant to prevail on such a claim "because the prima facie case is easily made out...." *Healy v. New York Life Ins. Co.*, 860 F.2d 1209, 1214 n. 1 (3d Cir.1988).

Before the Court reaches the question of whether plaintiff has established a *prima facie* case, the Court must consider defendant's contention, for which it sets forth evidence, that plaintiff was not replaced, but instead lost his job when his position was combined with that of another employee. *See* Certification of Scott R. Carey (filed with to Defendant's Motion for Summary Judgment). Plaintiff contends that his position was not eliminated, and that he was, in fact, replaced. However, plaintiff sets forth no evidence that a reasonable fact-finder could conclude supports his position. In fact, the evidence to which plaintiff refers in support of his claim actually supports defendant's position that plaintiff's job was combined with that of another employee. Plaintiff's Response, at Exhibit D (excerpt from deposition of Lockheed Martin Systems Engineering Manager Scott Carey). Because defendant has supported its position with evidence, and plaintiff has failed to do so, the Court concludes that plaintiff's position was eliminated by combining it with another job.

The Third Circuit has held that if a plaintiff's "job is eliminated and he is, therefore, not replaced, the employee need only show that he was laid off from a job for which he was qualified while other workers not in the protected class were retained." *Turner v. Schering–Plough Corp.*, 901 F.2d 335, 342 (3d

Cir.1990) (citation omitted); *see Billet v. CIGNA Corp.*, 940 F.2d 812, 816 n. 3 (3d Cir.1991) (citing *Turner*). However, since *Turner* and *Billet* were decided, the Supreme Court issued its opinion in *O'Connor v. Consolidated Coin Caterers Corp.*, —— U.S. ——, 116 S.Ct. 1307, 134 L.Ed.2d 433 (1996). In *O'Connor*, the Supreme Court held that the linchpin of an ADEA case is that a member of the protected class (employees who are at least forty (40) years old) was discriminated against because of his age, not that he lost out to someone who is not a member of the protected class. *Id.* at ——, 116 S.Ct. at 1310. Under *O'Connor*, contrary to *Turner*, the fact that an ADEA plaintiff was discriminated against in favor of someone outside the protected class is no longer a proper component of a *prima facie* case, *id.*, and a new standard must be utilized.

■ As a baseline for establishing that new standard, the Court notes that the elements of a *prima facie* case of a violation of the ADEA where a plaintiff alleges that he was replaced by a younger worker are that the plaintiff "1) belongs to a protected class i.e., is at least forty (40) years of age; 2) was qualified for the position; 3) was dismissed despite being qualified; and 4) ultimately was replaced by someone sufficiently younger to permit an inference of age discrimination." *Gray v. York Newspapers Inc.*, 957 F.2d.1070, 1078 (3d Cir.1992) (citations omitted) Applying *O'Connor*, the Court holds that to establish a *prima facie* case where a plaintiff alleges a violation of the ADEA in terminating him after his job was eliminated and his position consolidated with that of another employee, a plaintiff must establish that 1) he belongs to the protected class; 2) he was qualified for the consolidated position; 3) he was terminated despite being qualified; and, 4) the person who obtained the consolidated position is sufficiently younger to permit an inference of age discrimination.

Plaintiff has set forth evidence which, if believed by a reasonable fact-finder, establishes a *prima facie* case of a violation of the ADEA in not retaining a worker in the protected class when his position was eliminated. Plaintiff was fifty-five (55) years old when Brad Newby, then age forty-one (41), was given the position that defendant alleges combined plaintiff's old responsibilities with, that of another employee. The gap between the age of plaintiff and Mr. Newby allows an inference of discrimination. Finally, plaintiff has set forth evidence, such as his General Electric Individual Experience Record, that, if believed by a reasonable fact-finder, supports his position that he was qualified to fill the position in question. *See* Plaintiff's Response, at Exhibit B.

■ c. *Legitimate, Business Reason for Termination:* Defendant argues that, assuming *arguendo* plaintiff-established a *prima facie* case, plaintiff cannot properly rebut the legitimate business reasons for his firing set forth by defendant, and that *Fuentes v. Perskie*, 32 F.3d 759 (3d Cir.1994). the Third Circuit concluded, in the Title VII context, that

to defeat summary judgment when the defendant answers the plaintiff's prima facie case with legitimate, non-discriminatory reasons for its action, the plaintiff must point to some evidence, direct or circumstantial, from which a factfinder could reasonably either (1) disbelieve the employer's articulated legitimate reasons; or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action. *Id.* at 764 (citations omitted).

The *Fuentes* standard is also applicable in ADEA cases. *See Sempier v. Johnson & Higgins*, 45 F.3d 724 (3d Cir.1995) (applying *Fuentes* in an ADEA case) *Lawrence v. National Westminster Bank New Jersey*, 98 F.3d 61, 66 (3d Cir.1996) (citing *Sempier*) (same). Having concluded that plaintiff did establish the *prima facie* case, this Court must consider whether plaintiff, has set forth evidence sufficient to avoid summary judgment in the face of *Fuentes*.

The Court concludes that plaintiff has set forth evidence which, if believed by the factfinder, is sufficient to satisfy the standard set forth in *Fuentes*. Plaintiff provides evidence of the existence of a policy of promoting

employees who qualified as "HiPots." "Hi-Pot" stands for "high potential," and both parties appear to agree that "HiPots" are those individuals who defendant decides can rise one or two levels higher in management than the level at which they are currently. Plaintiff's Response, at 7 & Exhibit D (excerpt from deposition of, Lockheed Martin Systems Engineering Manager Scott Carey). According to plaintiff, in must generally be under the age of forty (40). Plaintiff's Response, at 7 & Exhibit E (plaintiff's analysis of positions for which plaintiff self-nominated). Defendant denies this allegation. However, if a reasonable fact-finder believes plaintiff, it may "(1) disbelieve the [defendant's] articulated legitimate reason [for plaintiff's firing]; or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of [defendant's] action." *Fuentes,* 32 F.3d at 764 (citations omitted).

3. *Count II:* Defendants argues in its Motion that Count II of the Complaint, which alleges defendant violated the Pennsylvania Human Relations Act, 43 Pa. Cons.Stat. Ann. § 951 *et seq.* by discriminating against plaintiff: on the basis-of-age, is barred because plaintiff-failed to file a complaint with the Pennsylvania Human Rights Commission within one-hundred and eighty (180) days of the alleged discriminatory act as required by 43 Pa.Cons.Stat.Ann. § 959(h). Plaintiff agrees with defendant on that issue, stating: "Plaintiff does agree ... that he did not file a charge of discrimination with the Pennsylvania Human Relations Commission. Therefore, he does agree to dismiss Count II of his complaint alleging violation under the Pennsylvania Human Relations Act." Plaintiff's Response to Defendant's Motion for Summary Judgment, at 5.

**IT IS FURTHER ORDERED** that

The case is stayed for fifty-seven (57) days, that is, until June 19, 1997, so as to give the EEOC an opportunity to consider and investigate plaintiff's claim.