**John CESARO, Plaintiff,**

v.

**THOMPSON PUBLISHING GROUP, Defendant.**

**No. CIV. A. 96–3659 (MLC).**

United States District Court,
D. New Jersey.

Sept. 14, 1998.

Mandy R. Steele, Mandy R. Steele, P.C., East Brunswick, NJ, for Plaintiff.

Donald L. Berlin, Berlin, Kaplan, Dembling & Burke, Morristown, NJ, for Defendant.

## MEMORANDUM OPINION

COOPER, District Judge.

This matter comes before the Court on defendant Thompson Publishing Group's ("Thompson") motion for attorney's fees under the Age Discrimination in Employment Act, ("ADEA"), 29 U.S.C. § 621 et seq. The matter was considered without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons stated in this Memorandum Opinion, defendant's motion is denied.

### BACKGROUND

Plaintiff John Cesaro ("Cesaro") filed suit in this Court alleging that defendant violated the ADEA by failing to hire him for the position of Senior Marketing Manager because of his age. Plaintiff also asserted a claim for intentional infliction of emotional distress under New Jersey state law. After a full trial on the merits of both claims, the jury returned a verdict in defendant's favor on both the ADEA and the pendant emotional distress claim. This motion for attorney's fees followed.

### DISCUSSION

Our Court of Appeals has not determined the circumstances under which a prevailing defendant may obtain attorney's fees in an ADEA case. Moreover, our research reveals that the issue of whether, and under what circumstances, attorney's fees may be awarded to a successful defendant in an ADEA case has not been addressed in any published opinion from our district. Therefore, we have looked to other circuit courts for guidance. Each circuit which has addressed this issue has found that a district court may award attorney's fees to a prevailing defendant if the defendant establishes that the plaintiff litigated in bad faith. *Turlington v. Atlanta Gas Light Co.,* 135 F.3d 1428, 1437 (11th Cir.1998); *EEOC v. Hendrix College,* 53 F.3d 209, 211 (8th Cir.1995); *E.E.O.C. v. Clay Printing, Inc.,* 13 F.3d 813, 817 (4th Cir.1994) (noting that ADEA only explicitly provides for attorney's fees for prevailing plaintiffs); *EEOC v. O & G Spring & Wire Forms Specialty Co.,* 792 F.2d 251, 260 & n. 1 (1st Cir.1986); *Morgan v. Union Metal Mfg.,* 757 F.2d 792, 796 (6th Cir.1985); *see also Malkowski v. PTC Capital Corp.,* No.

96–3109, 1998 WL 381050, at * 1 (N.D.Ill. July 1, 1998); *Miller v. State Chemical Mfg. Co.,* 706 F.Supp. 1166, 1172 (W.D.Pa.1988) (following *Morgan,* 757 F.2d at 796). In this regard, we find the opinion of the Eleventh Circuit in *Turlington* particularly instructive:

The ADEA incorporates selected provisions of the Fair Labor Standards Act ("FLSA"), including those pertaining to attorney's fees. *See* 29 U.S.C. § 626(b) (stating that attorney's fees provision of FLSA, 29 U.S.C. § 216(b), applies to actions brought under ADEA). Although the attorney's fees provision of the FLSA does not address whether, or under what circumstances, attorney's fees should be awarded to a prevailing defendant, *see* 29 U.S.C. § 216(b), this court has held that the FLSA entitles a prevailing defendant to attorney's fees only where the district court finds that the plaintiff litigated in bad faith.... Given the close relationship between the ADEA and the FLSA, *see* 29 U.S.C. § 626(b), we hold that a district court may award attorney's fees to a prevailing ADEA defendant only upon a finding that the plaintiff litigated in bad faith.

*Turlington,* 135 F.3d at 1437. We too hold that in order to recover attorney's fees, a defendant must establish that the plaintiff litigated the ADEA claim in bad faith.

We must briefly address, however, defendant's argument concerning the proper standard this Court must apply in determining whether attorney's fees should be awarded to the prevailing defendant. Thompson argues that it only needs to show that plaintiff's action "was frivolous, unreasonable or without foundation, even though not brought in subjective bad faith." (Def.'s Ltr. Br. in Supp. dated 8/31/98 at 1.) In short, we are not persuaded by defendant's contention in this regard, as it is based upon a fundamentally incorrect premise. Defendant has cited the standard for awarding attorney's fees to a prevailing defendant in an action brought under Title VII of the Civil Rights Act of 1964, ("Title VII"). (*Id.* (citing *Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 422, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978) (holding that prevailing defendant may be awarded attorney's fees at district court's discretion if the defendant demonstrates that the plaintiff's action was frivolous, unreason-

able or without foundation, even though not brought in subjective bad faith)).) However, Title VII has an express provision which permits the "prevailing party" to recover attorney's fees. *See* 42 U.S.C. § 2000e–5(k). In contrast, the ADEA contains no such provision; the FLSA attorney's fee statute (which applies to ADEA actions, 29 U.S.C. § 626(b)) states only that a reasonable attorney's fee must be paid by a defendant to a successful plaintiff. *See* 29 U.S.C. § 216(b). In the absence of an express provision in the ADEA or FLSA which permits an award of attorney's fees to a prevailing party, the "American Rule" applies and the defendant must show bad faith on the plaintiff's part in order for a district court to award attorney's fees to a prevailing defendant. *See Malkowski*, 1998 WL 381050, at \*1 & n. 1; *see also Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 258–59, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975) (stating that courts have "inherent power" to assess attorney's fees where a losing party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons.")

Applying the "bad faith" standard here, we find that defendant has provided no evidence that Cesaro litigated his ADEA claim in bad faith. We must therefore deny defendant's motion for attorney's fees.